Otis Vincent BAILEY, Jr.,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 55170.

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 13, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Dorothy M. Hirzy, Sp. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was charged as a persistent offender to second degree murder, § 565.021.1, RSMo 1986, for beating his seven year old son to death. He pleaded guilty to the crime charged in exchange for the state's recommendation that a sentence of 25 years' imprisonment be imposed. The court accepted the guilty plea after questioning movant extensively to establish the voluntariness of his plea and sentenced him to 25 years' imprisonment.

Movant's Rule 27.26 motion as amended by appointed counsel made numerous allegations of ineffective assistance of counsel rendering movant's plea involuntary. The motion court entered extensive and detailed findings of fact and conclusions of law denying the motion.

Movant's sole point on appeal is that the motion court's finding that trial counsel "testified contrary to all of [movant's] allegations asserted in his 27.26 motion at the evidentiary hearing" is clearly erroneous because counsel testified he did not investigate a physician, who had prescribed mood altering drugs for movant before the crime, after movant informed counsel of the physician and thereby "deprived [movant] of a substantial defense."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm

impression that a mistake has been made. *Id.*

■ The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

■ After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour,* 741 S.W.2d at 688. The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

■ Claims which should have been presented to the motion court cannot be raised for the first time on appeal. *Stokes v. State,* 671 S.W.2d 822, 824 (Mo.App. 1984).

We have reviewed both movant's pro se and amended motions and find that neither raise the claim stated in his point on appeal.

Even if the claim had been properly raised, the following language from movant's amended motion refutes it:

> Mr. Krautmann initially coached movant to testify at trial that movant was suffering from psychosis at the time Christopher Bailey died. Movant denied, and continues to deny, the truth of this proposed testimony. Movant consistently told Mr. Krautmann that this testimony was false and that movant did not wish to give false testimony....

Furthermore, it is refuted by the record of the plea hearing. The guilty plea transcript reveals that movant was well-educated holding an Associate's Degree in General Education, that he revealed to the court he was under medication but agreed he was "clear-headed and able to think clearly," that he actively and knowingly participated in the proceeding and that his plea was made voluntarily. One of the questions the court asked when assuring movant understood the rights he was waiving by pleading guilty was "you understand that at the trial, Mr. Bailey, you would have the opportunity of presenting any defense you may have to this charge?" To which movant replied, "Yes, sir. I understand."

■ Movant would not have been entitled to an evidentiary hearing on this issue if it had been raised to the motion court. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

The findings and conclusions of the motion court, which are based upon both the transcript of the plea hearing and the testimony at the evidentiary hearing, are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.