Reginald COATES, Appellant,

v.

STATE of Missouri, Respondent.

No. 78924.

Supreme Court of Missouri,
En Banc.

Feb. 25, 1997.
Rehearing Denied March 25, 1997.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Elizabeth L. Ziegler, Spec. Asst. Atty. General, Jefferson City, for respondent.

HOLSTEIN, Justice.

Reginald Coates appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. Coates's primary claim is that his plea of guilty to three felonies was not an informed or voluntary waiver of his rights because his attorney rendered ineffective assistance. Coates alleges that counsel failed to advise him of the possibility of consecutive sentences. This Court transferred the appeal after opinion pursuant to Rule 83.03. Coates failed to plead facts sufficient to entitle him to post-conviction relief. The judgment of the circuit court is affirmed.

## I.

On January 6, 1992, Coates entered guilty pleas on three felony charges: Count I, first degree sexual abuse; Count II, second degree burglary; and Count III, unlawful use of a weapon. During the plea proceedings, the prosecuting attorney was asked to state the range of punishment on the charges, and responded as follows:

[W]ith respect to Count I; the range of punishment is up to five years in the Missouri Department of Corrections. With respect to Count II, the range of punishment is up to seven years in the Missouri Department of Corrections. And with respect to Count III, the range of punishment is up to five years in the Missouri Department of Corrections.

Coates acknowledged that he understood this announcement. The court then asked, "Did your attorney explain that same full range of punishment to you?" Coates replied, "Yes sir."

Thereafter, the State informed the court that a plea agreement had been reached for two-year sentences on each charge to be served concurrently. The court then gave Coates the option of serving the two-year sentence or having imposition of sentence suspended on condition of satisfactory completion of three years supervised probation.

To aid Coates in weighing this option, the court explained that if Coates proceeded with the original agreement, he would likely serve only ninety additional days in prison. The court also warned:

You come back here, we're starting all over again. You violate probation, this eight months you got in is not good time. And I'm not giving you two years. You violate your probation and pick up a new case and have more problem [sic] with the law and you don't follow the instructions of your probation officer, you show up with dirty urine on one of these drug tests, you're not going to get two years. And you're not going to get eight months jail time [credit]. You understand what I'm saying to you?

Coates responded that he understood. Finally, the court explicitly warned Coates that accepting the suspended sentence and proba-

tion would place him at risk of the maximum punishment if he violated the terms of probation:

> [If] you come back in this courtroom any time within the next three years with a new case or a probation officer tells me you don't do anything they tell you to do and you don't listen to them, we're not talking two years anymore. You know the range of punishment?
>
> . . . .
>
> You've exposed yourself to that full amount if you come back here. You understand that?

To which Coates responded, "Yes, sir, I understand." Coates then opted for probation rather than prison.

About two years later, Coates admitted that he violated a condition of probation. Consequently, the court revoked probation and imposed two concurrent sentences of five years for the charges of sexual abuse and unlawful use of a weapon, plus a consecutive sentence of seven years for the charge of burglary, for a total of twelve years.

## II.

In his amended Rule 24.035 motion Coates claimed ineffective assistance of counsel as a ground for post-conviction relief:

> Movant's guilty plea was involuntary, unknowing and unintelligent because movant's counsel, Mr. Joel Schwartz, was ineffective. Mr. Schwartz conveyed a two-year recommendation to movant before the guilty plea, but let movant plead guilty to a suspended imposition of sentence without informing movant that, if he did not successfully complete probation, movant would be liable for up to seventeen years of imprisonment.

Concluding that Coates had failed to allege facts, not refuted by the record, that would entitle him to relief if true, the circuit court overruled the motion without an evidentiary hearing. Coates argues that the motion court erred in refusing to grant an evidentiary hearing on his claim of ineffective assistance of counsel.

■ An evidentiary hearing is not required where "the motion and the files and

records of the case conclusively show that the movant is entitled to no relief[.]" Rule 24.035(h). An evidentiary hearing is not required unless the motion meets three requirements: "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993).

■ To obtain an evidentiary hearing on claims of ineffective assistance of counsel, defendant must allege facts, not refuted by the record, showing (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced. *See Hill v. Lockhart*, 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In the context of guilty pleas, the second, or "prejudice," requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. Hence, to satisfy the "prejudice" requirement, a defendant challenging a guilty plea based on ineffective assistance must allege facts showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* No hearing is required in the absence of allegations showing prejudice. *Id.* at 60, 106 S.Ct. at 371.

■ Because Coates's allegation fails to state facts showing prejudice, his motion was properly overruled without an evidentiary hearing. The claimed error of counsel is failure to advise the defendant as to possibility of the imposition of consecutive sentences in the event of a probation revocation. Coates did not allege in his post-conviction motion that, had counsel informed him of the possibility of consecutive sentences, he would have pleaded not guilty and insisted upon going to trial. He alleged no special circumstances that might support the conclusion

that the range of sentence that could be imposed upon revocation of probation controlled or even influenced his decision to plead guilty. Indeed, he did not even allege the bare conclusion that he was prejudiced. Only by treating the pleadings as amended to allege the highly improbable fact that movant would have accepted a prison sentence over a probation would he be entitled to an evidentiary hearing. No hearing is required.

### III.

On appeal, Coates also contends that his plea was not an informed and voluntary waiver of his rights because the court did not accurately tell him the maximum penalty pursuant to Rule 24.02(b)(1). However, this claim is not cognizable in this appeal because Coates failed to raise it as a ground for relief in his post-conviction motion.

Buried in a claim that counsel was ineffective is an assertion that the trial court "did not inform movant of the maximum possible penalty provided by law as required by MO. Sup.Ct. R. 24.02(b)(1)." He did not, however, assert this allegation as an independent basis for vacating his guilty plea. Rather, he made this allegation in support of an unrelated claim of ineffective assistance of counsel. The pleading is not sufficient to alert the motion court that Coates was also claiming that he was entitled to have his guilty plea vacated due to an error by the plea court in complying with Rule 24.02(b)(1). The only fair reading of Coates's pleading is that he was seeking relief based upon an ineffective assistance of counsel theory, not a violation of Rule 24.02. Moreover, the allegation is bereft of facts showing how movant was prejudiced.

The motion court could not have erred in failing to grant relief based upon an allegation that was not presented as a ground for relief. Because Coates did not raise this issue as a ground for relief in his post-conviction motion, this Court may not consider this theory on appeal. *See Griffin v. State,* 794 S.W.2d 659, 664–65 (Mo. banc 1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2911, 115 L.Ed.2d 1075 (1991).

The judgment of the circuit court is therefore affirmed.

All concur.