**Jermont BEAL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 58791.**

Missouri Court of Appeals, Western District.

May 1, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

Application for Transfer Denied Aug. 21, 2001.

Elizabeth Unger Carlyle, Lee's Summit, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for respondent.

Before NEWTON, P.J., ELLIS, J. and HOLLIGER, J.

NEWTON, Presiding Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Jermont Beal pleaded guilty to four counts of first degree assault, drug trafficking in the second degree and unlawful use of a weapon, and four counts of armed criminal action. The Honorable Charles William Kramer sentenced Mr. Beal to concurrent sentences totaling fifteen years.

Mr. Beal filed an amended motion under Rule 24.035 alleging that he entered his plea of guilty because he was informed by his plea counsel that, since he was being sentenced for first degree assault as a Class B felony, he was not subject to § 558.019.[1] This section requires Mr. Beal to serve eighty-five percent of his sentence

---

1. Unless otherwise indicated, all statutory references are to RSMo.1994.

before he is eligible for parole.[2] Plea counsel confirmed the information concerning the eighty-five percent rule in a letter to Mr. Beal after the guilty plea.

After Mr. Beal filed an amended motion under Rule 24.035, his plea counsel submitted an affidavit acknowledging that his advice was incorrect in that he had told Mr. Beal he would not be subject to the eighty-five percent rule. The amended motion also alleged that plea counsel failed to interview three witnesses.

The motion court denied Mr. Beal's motion without an evidentiary hearing. This appeal followed.

Mr. Beal raises two points on appeal. In point one, he contends that the motion court erred in denying his Rule 24.035 motion because his guilty plea was involuntary since his attorney incorrectly advised him about the applicability of the eighty-five percent rule. In his second point on appeal, he alleges that the motion court erred in denying a hearing on his allegations concerning his claim that plea counsel failed to interview three witnesses who would have provided him with a defense.

## II. STANDARD OF REVIEW

 Appellate review of a motion court's decision on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion are clearly erroneous.[3] After a review of the entire record, findings and conclusions are clearly erroneous only if the court is left with the firm impression that a mistake has been made.[4] When a person who has pleaded guilty to an offense files a motion for postconviction relief, he has waived all errors regarding ineffective assistance of counsel except those that effect the voluntariness and knowledge of the plea.[5]

 In order to prove ineffective assistance of counsel, Mr. Beal must satisfy a two-prong test, proving (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances, and (2) counsel's failure prejudiced him.[6] In order to establish prejudice, the defendant must show that a reasonable probability existed that, but for plea counsel's errors, he would not have entered a guilty plea and would have proceeded to trial.[7] Mr. Beal bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence.[8] After the defendant enters a guilty plea, the only relevant claims for ineffective assistance of counsel involve the voluntariness of the plea.[9] When a claim for ineffective assistance of counsel alleges that counsel misled the defendant into involuntarily entering

---

**2.** Section 558.019.3 states that "any defendant who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court...." Section 556.061(8) includes assault in the first degree in the definition of dangerous felony.

**3.** Rule 24.035(k); *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992).

**4.** *Moore*, 827 S.W.2d at 215.

**5.** *Weston v. State*, 2 S.W.3d 111, 114 (Mo.App. W.D.1999).

**6.** *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

**7.** *Copas v. State*, 15 S.W.3d 49, 54 (Mo.App. W.D.2000).

**8.** Rule 24.035.

**9.** *Copas*, 15 S.W.3d at 54.

his guilty plea, we must determine whether the defendant's belief was reasonable.[10]

## III. LEGAL ANALYSIS

■■■ Mr. Beal is asking this court to reverse and remand the matter to the motion court for an evidentiary hearing to determine whether his claims have merit. In order to award Mr. Beal his requested relief, he must: (1) allege facts, not conclusions, which, if true, would entitle him to relief; (2) demonstrate that the factual allegations are not refuted by the record; and (3) show that the matters complained of prejudice him.[11]

Mr. Beal alleges that due to a misstatement by his attorney regarding the applicability of the eighty-five percent rule, he did not voluntarily enter his guilty plea. His plea counsel admitted the error in both a letter and an affidavit. Further, during the guilty plea hearing, the trial court asked Mr. Beal if he understood that he would be considered a prior and persistent drug offender for all purposes. He answered affirmatively. The trial court continued to explain that "for any felony that you are charged with and convicted of or plead guilty to *in the future,* you will be serving approximately 85 percent of any sentence that you receive...." [12] Mr. Beal indicated that he understood this information. The trial court's reference to a future charge or conviction or plea, implies that this particular plea is not subject to the eighty-five percent rule.

The motion court erroneously relies on *Drone v. State*[13] for the proposition that neither the motion court nor plea counsel

is required to inform the defendant of the collateral consequences of his guilty plea, including the eighty-five percent rule. That case is distinguishable in that Mr. Beal's plea counsel did, although not required, inform him of the eighty-five percent rule, but incorrectly advised him on its application and the effect it would have on Mr. Beal's current sentence.

■■■ The State argues that since this affects Mr. Beal's parole and is a collateral consequence of his guilty plea, plea counsel was not obligated to inform him of the eighty-five percent rule. Again, we agree with the holding in *Drone*, but the facts in this case are clearly distinguishable. We are not addressing a claim where Mr. Beal is alleging that he was not informed of the eighty-five percent rule. Instead, we are focusing on an issue where plea counsel admitted that he incorrectly advised his client of the applicability of the eighty-five percent rule, which could have had a prejudicial effect on the voluntariness of the plea. Further, in *Copas,* the court stated that "the distinction between direct and collateral consequences is unimportant and a different rule applies where counsel misinforms his client regarding a particular consequence and the client relies upon the misrepresentation in deciding to plead guilty. If counsel affirmatively misrepresents a collateral consequence of pleading guilty, counsel's misrepresentation may result in an ineffective assistance of counsel." [14]

The facts in this case are more like *Coker v. State.*[15] In that case, the defendant was advised by his attorney that if he entered a guilty plea, he would be allowed to serve his sentences concurrently with

---

10. *Id.*

11. *Id.* at 53.

12. Emphasis added.

13. 973 S.W.2d 897 (Mo.App. W.D.1998).

14. *Copas,* 15 S.W.3d at 55–56.

15. 995 S.W.2d 7 (Mo.App. E.D.1999).

sentences in other pending criminal cases. The trial court ordered that his sentences be served concurrently until the court executed his sentences.[16] At that time, the trial court ordered the sentences to run consecutively.[17] The appellate court held that because he was misled by his attorney regarding how the sentences would be served, his plea was not voluntary.[18]

Moreover, the record supports Mr. Beal's claims, and fails to refute the allegation that his plea was rendered involuntarily. The misinformation could have affected the voluntariness of the plea. Therefore, an evidentiary hearing is necessary to determine whether Mr. Beal's belief of plea counsel's misstatements was reasonable and prejudicial. Since this issue is dispositive of this appeal, we will not address his second point on appeal.

## IV. CONCLUSION

We reverse and remand for an evidentiary hearing on Mr. Beal's claim that his plea counsel rendered ineffective assistance of counsel by affirmatively misrepresenting the effects of the eighty-five percent rule on Mr. Beal's plea and sentence.

Judge ELLIS, and Judge HOLLIGER, concur.