Stuart M. HAO, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 79914.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 29, 2002.

Ellen H. Flottman, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan L. Brown, Asst. Atty. Gen., Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Stuart M. Hao (Movant) appeals from the judgment denying his Rule 24.035 motion for postconviction relief without a hearing. Movant contends the motion court clearly erred in denying his claim that his counsel was ineffective for misinforming him that he would be paroled after serving 15 percent of his sentence. Because we find Movant satisfied the requirements to obtain a hearing on his claim, we reverse and remand for a hearing.

On October 6, 2000, Movant pleaded guilty to the Class B felony of child abuse in violation of section 568.060.3(1), RSMo 2000, for inflicting serious emotional injury to a child. Pursuant to a plea agreement, the prosecutor recommended a sentence of 15 years and agreed to dismiss a charge of first degree assault. The plea court accepted Movant's plea as voluntarily entered and sentenced Movant to 15 years' imprisonment.

Movant filed a timely *pro se* motion for post-conviction relief. The trial court appointed counsel on January 3, 2001 and the transcript was filed on March 19, 2001. Appointed counsel filed an amended motion on June 22, 2002, along with a motion asking the court to accept the amended motion as timely filed under *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). The motion court found the delay was due solely to counsel's inadvertence and accepted the motion as timely. The court denied the motion without a hearing and issued findings of fact and conclusions of law. Movant appeals.

■ Our review of the circuit court's decision is limited to determining whether it is clearly erroneous. Rule 24.035(k). The court's findings and conclusions will be deemed clearly erroneous only where, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992). To be entitled to a hearing, Movant's motion must: (1) allege facts, not conclusions, entitling him to relief; (2) show the matters are not refuted by the record; and (3) show the allegations resulted in prejudice to his position. *White v. State*, 939 S.W.2d 887, 893 (Mo. banc 1997).

■ For a claim of ineffective assistance of counsel, Movant must show his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and as a result he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). After a plea of guilty, the prejudice requirement focuses on whether there is a reasonable probability that, but for counsel's errors, the movant would not have pleaded guilty but would have insisted on trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Further, after a guilty plea, ineffectiveness of counsel is only relevant to the extent it affected the voluntariness of the plea. *Holland v. State*, 954 S.W.2d 660, 661 (Mo. App. E.D.1997).

■ In his sole point on appeal, Movant contends the motion court clearly erred in denying his claim of ineffective assistance of counsel without a hearing. Movant claims that his counsel was ineffective for erroneously advising him that he would serve only 15 percent of his 15 year sentence before he was eligible for parole.

In his amended motion, Movant made extensive allegations. He contended that his counsel specifically calculated he would only have to serve 27 months before being eligible for parole. Because Movant had already served nine months, his counsel advised him he would be eligible after serving only 18 months. Movant alleged that he "relied heavily on this advice by counsel in deciding to accept the plea offer." Movant further claimed this advice was erroneous because under the Missouri Department of Corrections Rules and Regulations Governing Parole (Blue Book) he is not eligible until he has served one-third of his sentence or 60 months. Movant alleged that if he had known this, he would not have pleaded guilty but instead would have taken his chances at trial.

■ The State concedes error and asks the Court to remand the matter back for an evidentiary hearing on Movant's allegation. We agree. The motion court denied Movant's allegation, concluding that counsel had no obligation to inform Movant of his parole eligibility, which is a collateral consequence of his plea. While this is true, Movant alleged his counsel *erroneously* advised him of his parole eligibility, which is different from a failure to advise. While neither the court nor counsel is obligated to inform a defendant about parole eligibility, erroneous advice about it can affect the voluntariness of a guilty plea. *Beal v. State*, 51 S.W.3d 109, 112 (Mo.App. W.D.2001). Indeed, the distinction between direct and collateral consequences is irrelevant where counsel erroneously informs a client about a particular consequence. *Copas v. State*, 15 S.W.3d 49, 55 (Mo.App. W.D.2000).

Here, Movant made sufficient allegations to support his claim that his counsel's advice was erroneous. The pleaded facts, if true, may support his claim of ineffective

assistance of counsel and show that his guilty plea was involuntary. In addition, the allegations are not conclusively refuted by the record, in which no mention is made of parole eligibility and Movant was never asked about any other promises made to him. Moreover, Movant has alleged prejudice, claiming he would not have pleaded guilty if he had known counsel's advice was erroneous. Under these circumstances, Movant is entitled to an evidentiary hearing on his claim. The motion court clearly erred in denying Movant's motion without a hearing. Movant's point on appeal is granted.

The judgment is reversed and remanded for an evidentiary hearing on Movant's claim his counsel erroneously advised him about his parole eligibility by affirmatively representing he would be eligible for parole after serving 15 percent of his sentence.

KATHIANNE KNAUP CRANE, and ROBERT G. DOWD, JR. JJ., concur.