**Ronald Lee PATTERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 60494.**

Missouri Court of Appeals,
Western District.

Oct. 29, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 24, 2002.

Application for Transfer Denied
Jan. 28, 2003.

John M. Schilmoeller, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Nicole E. Gorovsky, Asst. Attorney General, Jefferson City, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR., and VICTOR C. HOWARD, JJ.

PER CURIAM.

Ronald Patterson appeals the denial of his Rule 24.035 motion for postconviction relief. In his motion, Mr. Patterson sought to vacate his convictions for three counts of possession of a controlled substance with intent to distribute, § 195.211, RSMo 2000; one count of assault in the first degree, § 565.050, RSMo 2000; one count of armed criminal action, § 571.015, RSMo 2000; one count of unlawful use of a weapon, § 571.030, RSMo 2000; and one count of tampering with a victim, § 575.270, RSMo 2000.[1] His motion was denied without an evidentiary hearing. Patterson appeals. We reverse the denial of his motion and remand for an evidentiary hearing.

## Factual Background

The State charged Patterson with the class B felony of possession of a controlled substance with intent to distribute, § 195.211. In a separate case, the State charged Patterson, as a prior offender, with two counts of the class B felony of possession of a controlled substance with intent to distribute, § 195.211. In a third case, the State charged Patterson with the class A felony of assault in the first degree, § 565.050; the unclassified felony of armed criminal action, § 571.015; the class D felony of unlawful use of a weapon, § 571.030; and the class C felony of tampering with a victim, § 575.270. In a fourth case, the State charged Patterson with the class B felony of robbery in the second degree, § 569.030.

On August 30, 1999, Patterson appeared before the Honorable Thomas H. Newton, Judge of the Circuit Court of Jackson County, Missouri, and entered a plea of guilty to the following: one count of possession with intent to distribute; two counts of possession with intent to distribute; and the charges of first degree assault, armed criminal action, unlawful use of a weapon, and victim tampering. The State dismissed the charge of second degree robbery pursuant to the guilty plea agreement.

At the guilty plea hearing, the court examined Patterson about his decision to plead guilty. Patterson indicated that he was satisfied with the services of his plea counsel. Patterson understood that he had the right to a jury trial, and that he had a number of constitutional rights that are associated with a trial. Patterson knew that by pleading guilty, he would be waiving his right to a trial and the rights associated with a trial.

---

1. All further statutory references will be to RSMo 2000, unless otherwise noted.

Patterson indicated to the court that he had not been made any promises or threats to induce his guilty plea, other than the guilty plea agreement. The court then examined Patterson about the factual basis for his plea of guilty. Patterson acknowledged that on February 4, 1998, he caused serious physical injury to Michael Burks by shooting him with an assault rifle. On February 6, 1998, Patterson knowingly carried a concealed weapon, the same assault rifle. Patterson also explained that some time later, he contacted Mr. Burks in an attempt to persuade him not to testify in that case. Patterson further acknowledged that on September 3, 1997, he possessed more than five grams of marijuana with the intent to distribute, and that on October 9, 1997, he possessed both marijuana and PCP with the intent to distribute.

The court explained the range of punishment to Patterson for each of the charges against him. Patterson indicated that he understood the range of punishment as explained by the court. Patterson stated that he was content with plea counsel's services, but stated that if he had retained private counsel, he would have proceeded to trial. Upon further questioning by the court, Patterson explained that he was sure that he wanted to plead guilty and "get it over with."

The court found that Patterson had entered his guilty plea freely, voluntarily, and intelligently, and accepted Patterson's plea. The trial court then sentenced Patterson, in accordance with the plea agreement, to concurrent terms of ten years' imprisonment for each of his three counts of possession with intent to distribute; sixteen years' imprisonment for his conviction of first degree assault; three years' imprisonment for armed criminal action; five years' imprisonment for unlawful use of a weapon; and five years' imprisonment for victim tampering, for a total of 16 years' imprisonment.

Patterson filed his *pro se* Rule 24.035 motion on November 26, 1999. On April 23, 2001, Patterson's postconviction counsel filed an amended motion to vacate, set aside, or correct the judgment and sentence. In the amended motion, Patterson alleged that his guilty plea and sentence were invalid because his plea counsel gave Patterson inaccurate information about his sentence and effectively coerced him into pleading guilty. Specifically, Patterson alleged that plea counsel had told him that he would have to serve only fifteen percent, or maybe up to one-third, of his sentence before becoming eligible for parole. Patterson alleged that he later discovered that because he had been convicted of first degree assault, he would be required to serve eighty-five percent of his sentence before becoming eligible for parole.

The motion court did not conduct an evidentiary hearing on Patterson's Rule 24.035 motion. On August 20, 2001, the motion court entered findings of fact and conclusions of law denying Patterson's Rule 24.035 motion. Patterson filed a timely notice of appeal on September 28, 2001.

■ Appellant's sole claim on appeal from the denial of his postconviction motion, without any evidentiary hearing, is that his trial counsel was ineffective for allegedly misinforming him that he would have to serve only fifteen percent of his sentence if he pleaded guilty.

■ The motion court is not required to grant a movant an evidentiary hearing unless (1) the movant pleads facts, not conclusions, which if true would warrant relief, (2) the facts alleged are not refuted by the record, and (3) the matters complained of resulted in prejudice to the mov-

ant. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). To plead ineffective assistance of counsel, appellant must plead that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced by his counsel's failure to competently perform. *Deck v. State*, 68 S.W.3d 418, 425 (Mo. banc 2002); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Where a defendant pleads guilty, claims of ineffective assistance of counsel are relevant only as they affect the voluntariness and understanding with which the plea was made. *Hicks v. State*, 918 S.W.2d 385, 386 (Mo.App. E.D.1996).

In order to prove prejudice, appellant must demonstrate that, "but for" the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985).

> The second, or "prejudice," requirement, ... focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id.* See also *Coates*, 939 S.W.2d at 914; *Nunn v. State*, 23 S.W.3d 910, 913 (Mo.App. W.D.2000); *Burks v. State*, 768 S.W.2d 98, 99 (Mo.App. W.D.1988).

The State points out that in his motion for postconviction relief Patterson does not allege that "but for" his attorney's actions, he would have gone to trial. In his motion, appellant states in paragraph 8(a) that "... as a result [of counsel's alleged ineffectiveness], Patterson was prejudiced." We agree that the mere assertion

that he was "prejudiced" is far too vague to amount to a declaration that but for his attorney's failure, he would not have pleaded guilty and would have chosen to go to trial.

Later, in paragraph 9(a) of the motion, appellant stated that "had Mr. Patterson been given accurate information about his sentence, there is a reasonable probability that the outcome of the proceedings would have been different." We are not sure what Patterson means in his statement that the "outcome would have been different," but in the context here such an assertion cannot mean anything other than but for counsel's deficiency, Patterson would have rejected the plea opportunity and chosen to go to trial. There is no specific allegation that without counsel's deficiencies, Patterson would have chosen to forego a plea and go to trial. See *Cofield v. State*, 23 S.W.3d 242, 246–247 (Mo.App. S.D.2000). However, because we cannot think of any sense in which the outcome could have been different apart from a decision to go to trial, we believe we must construe Patterson's pleading as adequate. Certainly, the court would have imposed the same sentence even without the alleged advice of counsel. Therefore, although we fault the pleading for its lack of particularity, we hold the pleading was adequate.

The appropriate inquiry, then, is whether Patterson's guilty plea was voluntarily and knowingly entered. See *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). The motion court concluded that it was. The court based that conclusion, in part, on *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999), stating that eligibility for parole is a " 'collateral consequence of a guilty plea' rather than a direct consequence that a defendant must be informed of in order to plead voluntarily and intelligently." While that is true, those are not the facts of this case. Here, plea counsel

did not fail to inform the defendant with regard to parole eligibility; rather, plea counsel gave the defendant erroneous information concerning parole eligibility.

In an analogous case, *Hao v. State,* 67 S.W.3d 661, 662 (Mo.App.2002), the movant alleged that his plea counsel had erroneously advised him that he would be paroled after serving fifteen percent of his sentence. The court pointed out that unlike a failure to advise with regard to parole eligibility, "erroneous advice about [parole eligibility] can affect the voluntariness of a guilty plea." *Id.* at 663 (quoting *Beal v. State,* 51 S.W.3d 109, 112 (Mo.App. 2001)). The court concluded that "[t]he pleaded facts, if true, may support [the movant's] claim of ineffective assistance of counsel and show that his guilty plea was involuntary." The State conceded error. The cause was reversed and remanded for an evidentiary hearing. *Id.* at 663–64.

Similarly, in *Beal,* 51 S.W.3d at 111, the movant alleged that plea counsel had misinformed him that he was not subject to the eighty-five percent rule (§ 558.019 RSMo). Relying upon this erroneous advice, the defendant pleaded guilty. This court reversed and remanded for an evidentiary hearing. The court observed that although the issue of parole eligibility is a collateral matter, "the distinction between direct and collateral consequences is unimportant and a different rule applies where counsel misinforms his client regarding a particular consequence and the client relies upon the misrepresentation in deciding to plead guilty." *Id.* at 112 (quoting *Copas v. State,* 15 S.W.3d 49, 55 (Mo.App.2000)). An evidentiary hearing was necessary to determine whether plea counsel's incorrect advice about the applicability of the eighty-five percent rule "could have had a prejudicial effect on the voluntariness of the plea," the court concluded. *Id.*

Here, as in both *Hao* and *Beal,* an evidentiary hearing is necessary. *Copas,* 15 S.W.3d at 55 ("If counsel affirmatively misrepresents a collateral consequence of pleading guilty, counsel's misrepresentation may result in [a finding of] ineffective assistance of counsel").

Having determined that Patterson's pleading was adequate, we can avoid a remand for a hearing only if it is clear to us, absent a hearing, that Patterson could not reasonably have relied on that alleged advice. Because we know very little about the pertinent circumstances applicable at the time of the plea, and because there was no evidentiary hearing, we cannot say that it is clear that it would not have been objectively reasonable for Patterson to rely upon advice that he would be eligible for parole after serving fifteen percent of the sentence imposed. Therefore, having concluded that Patterson adequately pleaded this claim, we must remand for an evidentiary hearing to determine if Patterson received ineffective assistance of counsel.

Accordingly, the judgment of the trial court is reversed, and the case is remanded for an evidentiary hearing.