**Michael SAVAGE, Movant/Appellant,**

v.

**STATE of Missouri,**
**Respondent/Respondent.**

No. ED 81760.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 9, 2003.

Mary S. Choi, Assistant Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charnette D. Douglass, Asst. Atty. General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge

Michael Savage (Movant) appeals the judgment denying, without an evidentiary hearing, his Rule 24.035 motion for post-

conviction relief. Movant contends the motion court clearly erred in denying a hearing on his ineffective assistance of counsel claim. We reverse and remand for an evidentiary hearing.

Movant pleaded guilty to two counts of the class C felony of forgery in violation of section 570.090.1(4), RSMo 2000. Pursuant to plea negotiations, the State recommended imposing a sentence of no more than six years' imprisonment. The trial court accepted Movant's pleas and sentenced him to two concurrent prison terms of six years each. Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief, which appointed counsel amended. The motion court denied the motion without an evidentiary hearing, finding that the record refuted Movant's factual allegations. Movant appeals.

Our review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Reynolds v. State,* 994 S.W.2d 944, 945 (Mo. banc 1999).

We will grant an evidentiary hearing on a post-conviction motion only if the following three requirements were met: (1) the motion alleged facts, rather than conclusions, warranting relief; (2) the factual allegations were not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997). If the files and records conclusively show that the movant is entitled to no relief, then a hearing shall not be held. Rule 24.035(h).

To prevail on his claim of ineffective assistance of counsel, Movant must show his counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and Movant was prejudiced thereby. *State v. Nunley,* 923 S.W.2d 911, 922 (Mo. banc 1996). To establish prejudice, Movant must show a reasonable probability that, but for counsel's unprofessional errors, he would have pleaded not guilty and insisted upon going to trial. *Coates,* 939 S.W.2d at 914. After entering a guilty plea, a claim of ineffective assistance of counsel is material only to the extent it affected the voluntariness or understanding with which the plea was entered. *Rick v. State,* 934 S.W.2d 601, 605 (Mo.App. E.D.1996).

In his sole point relied on, Movant argues the motion court clearly erred in denying him a hearing on his claim that he pleaded guilty unintelligently and involuntarily due to plea counsel's ineffective assistance. He alleged plea counsel induced his plea by ineffectively assuring him (1) pleading guilty would not result in the revocation of the probation he previously received in an unrelated case in the City of St. Louis; and (2) if the trial court sentenced him to six years' imprisonment, he would be eligible for early release after serving two and a half or three years in prison. He further alleged that after his sentencing his probation in the City case was revoked and he received a sentence running consecutive to the sentence imposed in this case. In addition, he alleged that prison officials told him that he is ineligible for parole until he has served about five of the six years of his sentence.[1] Finally, he alleged that had his attorney

---

1. Section 558.019.2(3), RSMo 2000, requires some defendants to serve at least forty percent of their sentence and some other defendants to serve eighty percent. At his hearing, Movant will have the burden of proving that his counsel's advice was erroneous and why it was erroneous.

not made these erroneous assurances, he would have pleaded not guilty and insisted upon going to trial.

The State concedes Movant is entitled to an evidentiary hearing. We agree. First, Movant has alleged facts warranting relief. Where plea counsel affirmatively misinforms his client about a consequence of pleading guilty and the client relies upon the misrepresentation in deciding to enter his plea, counsel's incorrect advice may rise to the level of constitutionally ineffective assistance of counsel. *Redeemer v. State,* 979 S.W.2d 565, 572 (Mo.App. W.D.1998); *Patterson v. State,* 92 S.W.3d 212, 216 (Mo.App. W.D.2002).[2] Here, Movant alleged that plea counsel provided erroneous assurances about the probation revocation and parole eligibility consequences of his guilty plea and that those assurances induced his guilty plea. We note that neither the court nor counsel was obligated to inform Movant about his parole eligibility, a collateral consequence of his plea.[3] *Hao v. State,* 67 S.W.3d 661, 663 (Mo.App. E.D.2002). However, "the distinction between direct and collateral consequences is unimportant and a different rule applies where counsel misinforms his client regarding a particular consequence." *Beal v. State,* 51 S.W.3d 109, 112 (Mo.App. W.D.2001). Erroneous advice about collateral consequences can affect the voluntariness of a guilty plea. *Hao,* 67 S.W.3d at 663.

Second, the record does not refute Movant's factual allegations. The motion court clearly erred in finding otherwise. The court found that the record shows Movant had not been promised anything to get him to plead guilty. However,

to preclude an evidentiary hearing, the trial court's inquiry at the plea and sentencing hearings must be sufficiently specific to elicit responses conclusively refuting a movant's allegations. *Loudermilk v. State,* 973 S.W.2d 551, 554 (Mo.App. E.D. 1998). Here, the trial court only inquired into promises made by the prosecutor regarding the length of Movant's sentence. The trial court did not ask Movant whether any other promises were made to induce his guilty plea. *Compare Peiffer v. State,* 88 S.W.3d 439, 446 (Mo. banc 2002). Thus, nothing in the record conclusively refutes his allegation that plea counsel made erroneous assurances about the probation revocation and parole eligibility consequences of pleading guilty.

Finally, Movant alleged that prejudice resulted. He alleged that had his attorney not made erroneous assurances, he would have pleaded not guilty and insisted upon going to trial.

We reverse the motion court's judgment and remand for an evidentiary hearing on Movant's claim his plea counsel induced his guilty plea by erroneously assuring him that his probation in an unrelated case would not be revoked and that he would be eligible for parole after serving a maximum of three years in prison.

GARY M. GAERTNER, SR., P.J., and MARY R. RUSSELL, J., concur.

---

**2.** At his hearing, Movant will have to show that his reliance upon counsel's alleged misrepresentations was objectively reasonable. *Patterson,* 92 S.W.3d at 216.

**3.** This Court has never addressed whether probation revocation is a collateral or direct consequence of a plea. Nor do we need to address that issue here.