Richard Lee HASKETT, Respondent,

v.

STATE of Missouri, Appellant.

No. WD 63516.

Missouri Court of Appeals,
Western District.

Jan. 18, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Eaton, Office of Attorney General, Jefferson City, for appellant.

Sarah Weber Patel, Appellate Defender Office, Kansas City, for respondent.

RONALD R. HOLLIGER, Judge.

The State of Missouri appeals from a motion court judgment setting aside Richard Lee Haskett's guilty plea under Rule 24.035 to first degree assault, first degree burglary, and violation of a protection order. The State contends that the judgment is clearly erroneous because the motion court ruled that Haskett's plea was involuntary based on allegations of ineffective assistance of counsel even though the court found that Haskett's counsel acted as a reasonably competent attorney would have under similar circumstances. Because the motion court failed to make a crucial fact finding that prevents our proper review of the judgment and because it failed to rule upon one of the grounds for relief, we reverse and remand the cause for further findings.

### Facts

In December 2001, Haskett and his wife of nearly 20 years, Nancy Gentry, were in the process of divorcing. Haskett was no longer living in the marital home where Gentry and the couple's two children continued to reside. An order of protection was in place preventing Haskett from legally coming to the residence.

Early on the morning of December 12, 2001, Haskett entered the garage of the marital home where Gentry found him. A physical altercation ensued beginning in the garage and spilling onto the driveway. The severity and circumstances of the altercation are the subject of much dispute between Haskett and Gentry. Evidence

was adduced at Haskett's sentencing hearing, pursuant to his guilty plea, that Haskett struck Gentry several times, that he kicked her in the head, and that Gentry suffered serious injuries as a result of the altercation.

Haskett claimed that his sole purpose for entering the garage was to inventory his property in an attempt to finalize a settlement agreement with Ms. Gentry. He further said that he thought Gentry was out of the house when he entered the garage. Haskett insists that Gentry initiated the altercation by swinging a board at him and that, contrary to eyewitness testimony, he only struck Gentry one time.

After the altercation, Haskett turned himself in to the police and hired counsel. The State charged Haskett with assault in the first degree, Section 565.050; burglary in the first degree, Section 569.160; and violation of a protection order, Sections 455.045 and 455.085. Haskett was 40 years old at the time and had never before faced a criminal charge.

On July 25, 2002, Haskett chose to plead guilty to the charges and filed a guilty plea petition. At the plea hearing, the State alleged that on December 12, 2001, Haskett entered the garage, struck and kicked Gentry several times. Haskett's attorney re-characterized the severity of the incident but did concede that Haskett struck Gentry at least two times. Haskett agreed with the judge's assertion that his conduct constituted a class B felony of assault in the first degree. After extensively examining Mr. Haskett the judge determined that a factual basis existed for Haskett's plea and that the plea was voluntarily and intelligently made. Haskett was sentenced on September 5, 2002, to concurrent sentences of ten years in prison for the assault and for the burglary, and one year in the Platte County Jail for violation of an order of protection.

Haskett filed a *pro se* motion for post-conviction relief on November 21, 2002. An amended motion requesting an evidentiary hearing was subsequently filed. The amended motion alleged that Mr. Haskett's rights to due process of law and to effective assistance of counsel were violated when his plea counsel: (1) failed to inform Mr. Haskett that if he took his case to trial he would have the opportunity to request that the court submit lesser-included offenses for assault in the first degree, such as assault in the second degree, and assault in the third degree; (2) misinformed Mr. Haskett that if he pleaded guilty to assault in the first degree, he would most likely serve only about a third of the sentence before he was placed on parole; (3) misled Mr. Haskett into believing that he was pleading guilty to assault in the first degree based on the factual basis of striking Nancy Gentry one time, rather than repeatedly striking her, and that he was pleading guilty to burglary in the first degree based on the factual basis of remaining in an inhabitable structure with the intent to violate an order of protection, not with the intent to commit an assault; and (4) failed to call Dr. Dennis Cowan, a licensed psychologist, to testify on Haskett's behalf at sentencing.

An evidentiary hearing was held on July 25, 2003. On October 20, 2003, the court issued findings of fact and conclusions of law finding that Haskett's attorney "acted as a reasonable competent attorney would have under similar circumstances," but sustaining Haskett's post-conviction relief motion alleging ineffective assistance of counsel on three of the four grounds alleged in the amended motion. The court held specifically:

This Court finds that [Haskett's attorney] acted as a reasonable competent attorney would have under similar circumstances however this Court believes

that if Mr. Haskett had fully and completely **understood** (1) that at trial, he would have had the opportunity to submit lesser included offenses of assault in the first degree; (2) that he would be required to serve 85% of a sentence for assault in the first degree; (3) that Dr. Cowan was not going to be called at the sentencing hearing to testify on Mr. Haskett's behalf, he would not have pled guilty, but would have insisted on going to trial. (emphasis in original).

The motion court ordered a new trial and the State now appeals. No findings were made regarding the allegation concerning the factual basis for the assault and burglary charges.

### Standard of Review

██ Review of a motion for post-conviction relief is limited to determining whether the judgment of the motion court is clearly erroneous. *Wofford v. State*, 73 S.W.3d 725, 727 (Mo.App.2002). Findings of fact and conclusions of law are clearly erroneous only if the appellate court is left with the definite impression that a mistake has been made. *Id.* After a plea of guilty, effectiveness of counsel is relevant only to the extent it affects the voluntariness of a plea. *Bailey v. State*, 773 S.W.2d 152, 153 (Mo.App.1989). Haskett must satisfy the two-pronged *Strickland* test to meet his burden: (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) that Haskett was thereby prejudiced. *Bucklew v. State*, 38 S.W.3d 395, 397 (Mo. banc.2001); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Should Haskett fail to satisfy either prong, inef-

fective assistance or prejudice, the appellate court on review need not consider the other. *State v. Allen*, 954 S.W.2d 414, 417 (Mo.App.1997).

██ Rule 24.035(j) requires the court to make findings of fact as to all grounds for relief presented. Generally, the failure to make findings as to all issues requires remand for supplementation of the record. An exception applies, however, where the record supports a finding that the defendant is not entitled to relief as a matter of law on the ground alleged. *White v. State*, 57 S.W.3d 341, 343 (Mo.App.2001).

Although the failure of the motion court to make findings regarding this issue has not been raised by the parties, we remand for a finding on this ground since a remand is necessary on other issues for additional findings.

### *Analysis*

#### *Misinformed about parole*

██ Because the lack of a necessary finding about the parole issue necessitates a remand for additional findings we take that issue up first. The state appeals the motion court's finding that Haskett was entitled to post-conviction relief because he did not understand that he would be required to serve 85 of his sentence for assault in the first degree prior to being eligible for parole.[1] Haskett claims that his plea was involuntary and asserts that his attorney misinformed him that if he pleaded guilty to assault in the first degree he would most likely serve only about a third of his sentence before he was placed on parole.

---

1. Section 558.019.3 states that "any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be re-

quired to serve a minimum prison term of eighty-five percent of the sentence imposed by the court." Section 556.061(8) includes assault in the first degree in the definition of dangerous felony.

■■■ Generally, information about parole is a collateral consequence that neither trial counsel nor the court must inform the defendant of in order for a guilty plea to be voluntary and intelligent. *Savage v. State*, 114 S.W.3d 455, 458 (Mo.App. 2003). Missouri law makes a distinction between a defendant not being informed about possible parole and being affirmatively misinformed about possible parole. *Id.* ("Erroneous advice about collateral consequences can affect the voluntariness of a guilty plea"). "[W]hen a movant for post-conviction relief claims he made his guilty plea involuntarily because counsel misled him, the test applied is whether the movant's belief was reasonable." *Krider v. State*, 44 S.W.3d 850, 857 (Mo.App.2001). "A mistaken belief is reasonable only when it is based on a positive representation upon which the movant is entitled to rely." *Id.* Additionally, Haskett must show that manifest injustice resulted from acceptance of his guilty plea. *Peterson v. State*, 444 S.W.2d 673, 676 (Mo.1969); *Knight v. State*, 760 S.W.2d 559, 564 (Mo.App.1988). In other words, in order for Haskett to prevail on this point, he must show that his attorney made an affirmative representation that he was entitled to rely upon and that a manifest injustice occurred as a result.

Haskett's attorney testified that he advised Haskett accurately, but conceded that Haskett might have been confused since there were various charges and different minimum sentence percentages corresponding to each charge. Conversely, Haskett testified that his attorney informed him, prior to his guilty plea, that he would be eligible for parole in three years.

The motion court made no finding whether Haskett's plea counsel misinformed him about parole in reaching the conclusion that Haskett's counsel was effective. Nevertheless, the motion court ruled that Haskett's plea should be set aside because he didn't completely *understand* that "he would be required to serve 85 percent of a sentence for assault in the first degree."

■■ Haskett was not required to understand the parole consequences in order for his guilty plea to be voluntary. Absent an affirmative misrepresentation to Haskett by his attorney about possible parole, Haskett cannot use a misunderstanding about his parole to now argue that his plea was involuntary. Parole eligibility is a collateral consequence and a guilty plea will not be overturned on account of a collateral consequence unless there is a "positive representation on which the movant is entitled to rely." *Krider*, 44 S.W.3d at 857. In this case any "positive representation" (or misrepresentation) about parole is a disputed issue that the motion court had the luxury of live testimony to sort out and this court defers to credibility determinations of the motion court. *Hubbard v. State*, 31 S.W.3d 25, 34 (Mo.App.2000). The court, however, made no credibility finding. Haskett argues that an implied finding that the motion court believed Haskett is consistent with the motion court's judgment setting aside his guilty plea. But the rule that findings will be implied as consistent with the judgment has no application in post-conviction cases. *Crews v. State*, 7 S.W.3d 563, 567 (Mo.App. 1999).

Since the motion court found after an evidentiary hearing that counsel was effective, the State argues that we must conclude that the motion court did not believe that Haskett's attorney mislead him. While such an argument could reasonably be made it is not so strong and convincing that we can declare as a matter of law that the findings are or are not consistent.

This is particularly true where the omitted finding deals solely with a credibility issue.

The cause is reversed and remanded with instructions that the motion court make additional findings and rulings consistent with this opinion.

THOMAS H. NEWTON, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.