**Martha Lee MILLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 68267.**

Missouri Court of Appeals,
Western District.

Jan. 29, 2008.

**394**

Nancy A. McKerrow, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and JAMES EDWARD WELSH, JJ.

JAMES E. WELSH, Judge.

Martha Miller appeals the circuit court's judgment denying her Rule 24.035 motion after an evidentiary hearing. Miller pleaded guilty to involuntary manslaughter in the first degree and was sentenced to ten years. In this appeal, Miller alleges her plea counsel was ineffective by misinforming her that she would be eligible for parole after serving only forty percent of her sentence, instead of eighty-five percent as required by § 565.024.2, RSMo Supp. 2006. Miller asserts she would not have pleaded guilty but would have insisted on going to trial had she been correctly advised. We affirm.

Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether its findings and conclusions are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous only if we have a definite and firm impression that a mistake was made. *Dobbins v. State,* 187 S.W.3d 865, 866 (Mo. banc 2006). By pleading guilty, Miller "waived any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made."

*Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005).

Miller claims that her plea was unknowing, unintelligent, and involuntary because her plea counsel misinformed her that she would be eligible for parole after serving forty percent of her sentence instead of the statutorily required eighty-five percent.

To succeed on her claim of ineffective assistance of counsel, Miller must demonstrate that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that Miller was thereby prejudiced. *Haskett v. State,* 152 S.W.3d 906, 909 (Mo.App.2005); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ "Generally, information about parole is a collateral consequence that neither trial counsel nor the court must inform the defendant of in order for a guilty plea to be voluntary and intelligent." *Haskett,* 152 S.W.3d at 910. However, " 'the distinction between direct and collateral consequences is unimportant and a different rule applies where counsel misinforms his client regarding a particular consequence and the client relies upon the misrepresentation in deciding to plead guilty.' " *Beal v. State,* 51 S.W.3d 109, 112 (Mo.App.2001) (quoting *Copas v. State,* 15 S.W.3d 49, 55 (Mo.App.2000)). Missouri law distinguishes between a defendant not being informed and being affirmatively misinformed about possible parole. *Haskett,* 152 S.W.3d at 910. " 'If counsel affirmatively misrepresents a collateral consequence of pleading guilty, [ ... ] counsel's misrepresentation may result in an ineffective assistance of counsel.' " *Beal,* 51 S.W.3d at 112 (quoting *Copas,* 15 S.W.3d at 55–56). The movant must show an affirmative representation that she was enti-

tled to rely upon and that a manifest injustice occurred as a result. *Haskett*, 152 S.W.3d at 910.

Miller's plea counsel testified at the evidentiary hearing that he advised Miller inaccurately. He further testified he had misread the statute and advised Miller that she would probably be eligible for parole after she had served forty percent of her sentence not realizing she would be statutorily required to serve eighty-five percent of her sentence. Miller also testified that her plea counsel misinformed her on this issue.

The circuit court held that Miller's plea counsel had made a prediction to Miller about how much time she would serve concluding that such a prediction was insufficient to render her plea involuntary. The circuit court based that conclusion on *Felton v. State*, 103 S.W.3d 367 (Mo.App. 2003), stating that "a mere prediction or advice of counsel will not lead to finding of legal coercion rendering a guilty plea involuntary." The facts in *Felton* are distinguishable from the facts of the present case. In *Felton*, the movant expected a lighter sentence than he received. *Id.* at 371. The movant entered a guilty plea on two counts without a plea agreement. *Id.* at 372. The movant claimed his attorney had told him the worst case scenario would be five years, and he would likely get probation. *Id.* at 371. The court sentenced the movant to five years on each count to run consecutively. *Id.* at 369.

■ In the present case, Miller's counsel did not just offer a mere prediction; he gave Miller erroneous information concerning her parole eligibility.

Factually more analogous to the present case is *Patterson v. State*, 92 S.W.3d 212 (Mo.App.2002), where the movant claimed his attorney had told him he would serve fifteen percent to one-third of his sentence before he would be eligible for parole.

And, like the present case, movant later discovered he would be statutorily required to serve eighty-five percent of his sentence before he would be eligible for parole. *Id.* at 214. The circuit court had denied the movant's motion without an evidentiary hearing concluding his plea was voluntarily and knowingly entered. *Id.* at 215. The circuit court held parole eligibility is a collateral consequence, not a direct consequence of which movant must be informed. *Id.* This court rejected the circuit court's analysis and stated that the facts alleged in *Patterson* are not that plea counsel failed to inform the movant with regard to parole eligibility, but that plea counsel gave the movant erroneous information. *Id.* at 216. This court reversed and remanded for an evidentiary hearing. *Id.*

Similarly, in *Beal*, 51 S.W.3d at 111, the movant alleged his attorney misinformed him regarding the eighty-five percent statutory requirement. His attorney admitted the error in affidavit and letter. *Id.* at 112. The circuit court denied movant's motion without an evidentiary hearing. *Id.* at 111. This court reversed and remanded for evidentiary hearing to determine whether the misinformation of counsel resulted in a prejudicial effect on the voluntariness of the plea. *Id.* at 113.

Counsel's ineffectiveness, however, must be joined with prejudice to afford relief. *Dobbins*, 187 S.W.3d at 867. To prove prejudice, Miller must demonstrate that, "but for" the errors of counsel, she would not have pleaded guilty and would have insisted on going to trial. *Patterson*, 92 S.W.3d at 215.

■ Miller's plea counsel testified at the evidentiary hearing that the State's evidence was very strong and he believed it was in Miller's best interest to plead guilty. He further testified there were

**396** ■ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

aggravating circumstances including Miller's high level of intoxication, children present in the car at the time of the accident, forensic evidence clearly showing Miller was not in her lane when the accident occurred, and the accident resulted in a death.

Miller testified she was guilty of the crime. She understood she did not receive the maximum possible sentence of fifteen years. But, she maintained that she would have proceeded to trial had she not received misinformation from her attorney. She claimed she would have risked serving eighty-five percent of a fifteen year sentence after trial, rather than plead guilty and have to serve eighty-five percent of a ten year sentence.

After the evidentiary hearing, the court found Miller's testimony that she would have proceeded to trial facing a possible punishment of actually doing eighty-five percent of a fifteen year sentence to be "incredible." The credibility of witnesses is the province of the circuit court in post-conviction relief proceedings. *Benton v. State*, 128 S.W.3d 901, 904 (Mo.App.2004). This court defers to the credibility determinations of the circuit court. *Hubbard v. State*, 31 S.W.3d 25, 34 (Mo.App.2000).

We, therefore, affirm the circuit court's judgment.

All concur.