Steven Terrell **ROBINSON,**
**Sr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 75244.**

Supreme Court of Missouri,
En Banc.

May 25, 1993.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

THOMAS, Judge.

Mr. Robinson appeals from the judgment of the trial court dismissing his Rule 24.035 motion under the escape rule. The Court

of Appeals, Eastern District, affirmed the decision of the trial court. Upon Mr. Robinson's application, we granted transfer to examine the issue of whether the escape rule may properly be used to dismiss a post-conviction motion that alleges error occurring after the movant's return to custody. Because we conclude that the escape rule does not apply in that situation, we reverse.

## I.  FACTUAL AND PROCEDURAL HISTORY

In exchange for the State's promise to recommend a sentence of five years for each count, Mr. Robinson pleaded guilty to burglary in the second degree and stealing over $150, both class C felonies. A sentencing date was set and Mr. Robinson was released on his own recognizance. Mr. Robinson did not appear for the sentencing hearing; a capias warrant issued about a week later; and Mr. Robinson was eventually arrested less than one month after the date of the sentencing hearing.[1] After his capture, Mr. Robinson was sentenced to serve two, concurrent, ten-year terms of imprisonment rather than the two, five-year terms he had been promised. Mr. Robinson personally complained about this variation at sentencing, and the court noted his objection.

Mr. Robinson filed a *pro se* 24.035 motion challenging the variation between the sentences recommended in the plea arrangement and the sentences actually imposed. The court then appointed counsel, who filed an amended motion reiterating Mr. Robinson's *pro se* claims and adding the argument that Mr. Robinson should either be resentenced in accordance with the plea agreement or be allowed to withdraw his guilty plea. Mr. Robinson's complaint is much like that faced by this Court in *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978) (deciding case on grounds of

"substantial fairness" before adoption of Rule 24.02(d)(4) mandating such a procedure). *See also* Rule 24.02(d)(4); *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Simpson*, 836 S.W.2d 75, 79 (Mo.App.1992) (holding failure to allow withdrawal of plea to be plain error); *Proctor v. State*, 809 S.W.2d 32, 34–35 (Mo.App.1991) (holding that it is in motion court's discretion whether to order sentencing in accordance with plea or to allow withdrawal of plea).

The State moved to dismiss Mr. Robinson's Rule 24.035 motion because of his escape. Following a brief hearing at which no evidence was adduced by either party, the trial court dismissed Mr. Robinson's Rule 24.035 motion for the reason that, by absconding, Mr. Robinson had waived all right to post-conviction relief.

## II.  ISSUES ON APPEAL

As a preliminary matter, we must examine what issues are properly before us. As we read Mr. Robinson's brief in this Court, it asserts that the escape rule does not apply to his case because none of the rationales supporting the escape rule apply. Also included in the points relied on and argument is the proposition that it is unconstitutional to apply the escape rule to someone in Mr. Robinson's position. The State argues that the constitutional claims have not been preserved because they were not raised at the earliest opportunity, i.e., the hearing on the State's motion to dismiss. Because we conclude that the escape rule does not apply in this situation, we need not reach the issue of whether, if it applied, Mr. Robinson's constitutionally protected rights would be violated. Thus, the issue of whether these constitutional arguments have been preserved is moot. Mr. Robinson's attorney objected to dismissal and argued that the rule should not apply to anyone in his situation; the objec-

---

**1.** The record does not reflect when Mr. Robinson returned to custody or under what circumstances. The only notation in the record is an order dated almost a month after the hearing Mr. Robinson missed that states: "The Court has been advised in writing that the defendant in this cause has been apprehended and is pres-

ently confined within this Court's jurisdiction." Mr. Robinson claims to have overslept rather than intentionally attempted to evade the jurisdiction of the court. We need not consider this claim because it does not affect our decision today.

tion and argument at the hearing preserved the non-constitutional argument asserted in this Court.

As an appellate court reviewing the disposition of a Rule 24.035 motion, our inquiry is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.-035(j). In this case, we are not reviewing Mr. Robinson's 24.035 motion. Rather, we are reviewing the decision of the trial court to dismiss the motion under the escape rule. Because the court's decision was clearly erroneous, we reverse and remand for further proceedings. Our analysis begins with an examination of the escape rule.

The first Missouri case applying the escape rule is typical of the early use of the rule and exemplifies the original rationale for the rule. *State v. Carter*, 98 Mo. 431, 11 S.W. 979 (1889). In *Carter*, this Court explained:

> That a party appealing, who breaks jail pending such appeal, is in contempt of the authority of the court and of the law, and places himself in a position to speculate on the chances for a reversal, meanwhile, keeping out of the reach of justice, and prepared to render the judgment of reversal nugatory or not, at his option. To permit such a course of conduct to be successful would be trifling with justice, and will not be tolerated; ....

*Id.* at 432–33, 11 S.W. at 980.

Strictly viewed, the rationale of *Carter* does not apply except when the defendant remains at large when the time comes to decide the case on appeal; if the defendant

has been recaptured, the court is entirely capable of enforcing its judgment and need not fear that its order might be rendered worthless by the absence of the defendant. However, courts have found additional underpinnings to justify the use of the rule in cases where the defendant has been recaptured before the appellate court could rule on the case. In *State v. Wright*, 763 S.W.2d 167 (Mo.App.1988), the Court of Appeals, Western District, reviewed the rule and explained that the rule was justified because long absences cause administrative problems. *Wright*, 763 S.W.2d at 168. The court also noted that the rule discourages escape and promotes the dignified operation of the appellate court. *Id.*

For a time, some circuits of the United States Court of Appeals extended the rule to persons who escaped and were recaptured during trial or who escaped after trial but before sentencing. *See, e.g., United States v. Holmes*, 680 F.2d 1372 (11th Cir.1982). Relying on the federal cases, the court of appeals has used the escape rule to dismiss appeals challenging errors occurring before the defendant's escape and recapture even when the defendant remained in custody during the entire appellate process. *See, e.g., State v. Kearns*, 743 S.W.2d 553 (Mo.App.1987) (citing *Holmes*).[2]

Apparently this case presents an issue of first impression in this state; the parties have been unable to unearth a Missouri case in which the escape rule was used to dismiss an appeal or post-conviction motion alleging error occurring after the defendant's return to custody.[3] The difficulty in

**2.** It is worth noting that the United States Supreme Court has recently ruled on this issue and decided that the federal escape rule should not be used to dismiss appeals of defendants who escape and are recaptured before filing their appeal. *Ortega–Rodriguez v. United States,* —— U.S. ——, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). Of course, *Ortega–Rodriguez* merely decided the issue with respect to federal law and not on a Constitutional basis; the decision does not bind us. In light of the court of appeals' express reliance on the federal cases in adopting this line of reasoning, however, the continued validity of dismissing appeals in this situation may fairly be called into question. As we are

not presented with that issue in this case, we decline to decide it at this time.

**3.** In a post-argument letter, the State offered *State v. Branch,* 811 S.W.2d 11 (Mo.App.1991), as one case in which the rule cut off post-conviction relief for sentencing errors when the movant had returned to custody before sentencing. However, as the State admitted in the letter, the opinion does not mention what aspect of the conviction or sentence was being challenged by the Rule 29.15 motion in that case. Because the conviction was for first degree murder and the sentence imposed was life without parole for fifty years, it is unlikely that the

finding cases dealing with appeals from post-capture errors may be a result of the summary nature of dismissal; the few reported cases applying the escape rule rarely discuss the grounds for the appeal or motion being dismissed. However, the federal cases have noted, in dicta, that the rule should not be applied to dismiss appeals challenging post-capture errors. Even *Holmes,* the "high-water mark" of the federal escape rule, which held that "a defendant who flees after conviction, but before sentencing, waives his right to appeal from the conviction," acknowledges that "[s]uch a defendant does not waive his right to appeal from any alleged errors connected to his sentencing." *Holmes,* 680 F.2d at 1373. The United States Supreme Court, discussing *Holmes* in a recent opinion, noted that "because flight cannot fairly be construed as a waiver of appeal from errors occurring after recapture, defendants who flee presentencing retain their right to appeal *sentencing* errors...." *Ortega–Rodriguez v. United States,* — U.S. —, —, 113 S.Ct. 1199, 1205, 122 L.Ed.2d 581 (1993) (emphasis in original).

■ We agree with the opinion expressed by the federal courts that the escape rule should not be used to dismiss challenges to post-capture errors. If we were to permit the use of the escape rule in such a situation, then once a defendant had been recaptured all involved in the trial and sentencing would know that any errors or even intentional violations of constitutional rights would not be reviewed by any other court. Such a rule would provide the temptation to complete the proceedings in a less than diligent manner secure in the knowledge that any errors resulting from procedural short cuts would not result in reversal. It would also serve as a means by which the corrupt and incompetent could escape detection.

■ Just because a defendant has escaped and been recaptured prior to sentencing does not mean that the State may thereafter violate the defendant's constitutionally protected rights or that the trial court might ignore substantive or procedural requirements at a sentencing hearing. Escape and recapture do not have any effect on the way sentencing is to be carried out after the defendant is returned to custody. Rule 24.035 provides the sole means for protecting those rights that are protected by the United States and Missouri Constitutions and for arguing that the sentence imposed is in excess of that provided by law. It is one thing to say that a defendant constructively waives errors in law that have occurred at the time of escape; it is quite another to say that, having escaped and returned, the defendant is no longer entitled to be treated as provided by law because the escape forfeits all rights of appeal for the future. To the extent that this Rule 24.035 motion challenges errors that occurred after the movant returned to custody, the escape rule does not apply.

We express no opinion as to the merits of Mr. Robinson's motion or as to what relief would be appropriate if Mr. Robinson should prevail. The order of the trial court dismissing Mr. Robinson's motion is reversed and the cause is remanded for further proceedings in accordance with this opinion.

All concur.

---

movant was challenging the sentence in the

29.15 motion.