

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| SHANNON LEE DAVIDSON, | ) | |
| a/k/a SHANNON LEE NELSON, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD32999 |
| | ) | |
| STATE OF MISSOURI, | ) | **Filed: June 27, 2014** |
| | ) | |
| Respondent-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Circuit Judge

### AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS

Shannon Lee Davidson ("Movant")[1] appeals the motion court's dismissal without an evidentiary hearing of the portions of her Rule 24.035[2] post-conviction motion that challenged the validity of her sentence. Movant pleaded guilty in March 2012 to endangering the welfare of a child in the first degree, *see* section 568.045, but she subsequently failed to appear for her sentencing hearing. Movant was apprehended six months later, and the trial court imposed a seven-year sentence in the Missouri Department of Corrections ("DOC").

---

[1] Movant was originally charged under the name "Shannon Lee Nelson[.]"

[2] All rule references are to Missouri Court Rules (2013). All statutory references are to RSMo Cum. Supp. 2012.

Movant's single point contends the motion court clearly erred when it "dismissed all of her claims under the escape rule" because the rule "cannot be applied to conduct which occurred after the defendant was recaptured[,]" and her complaints about her sentencing occurred "post-escape and recapture." The State's position is that "[a]n evidentiary hearing is required for two of [Movant's] claims that arose after she was recaptured."

Because Movant's claims that: (1) her right to due process was denied when the plea agreement was allegedly breached at sentencing; and (2) she received ineffective assistance of counsel at sentencing when plea counsel did not ask the trial court to either honor the plea agreement or allow Movant to withdraw her guilty plea (collectively, "sentencing claims") address conduct that occurred after Movant was recaptured, the motion court clearly erred in dismissing these two claims based upon the escape rule. As a result, we reverse the dismissal of the sentencing claims and remand them to the motion court for a resolution on the merits. We affirm the dismissal in regard to Movant's challenges to the validity of her guilty plea.

## Factual and Procedural Background

Movant was charged with two counts of endangering the welfare of a child. At the plea hearing, the assistant prosecutor announced that Movant would be pleading guilty only to Count I. In exchange for that plea, the State would dismiss Count II and recommend that Movant receive a seven-year sentence and not oppose the sentence being executed pursuant to section 217.362.[3]

---

[3] Section 217.362 provides for "an intensive long-term program for the treatment of chronic nonviolent offenders with serious substance abuse addictions who have not pleaded guilty to or been convicted of a dangerous felony as defined in section 556.061." The section also provides that the offender's sentence may be suspended in favor of probation in the discretion of the trial court upon the successful completion of the treatment program. Section 217.362.2 and .3.

The court accepted Movant's guilty plea and set her sentencing hearing for April 11, 2012. The hearing was subsequently reset to April 16, 2012, and Movant failed to appear on that date. Movant concedes in her brief that she "missed an appointment for her pre-sentence investigation and then missed her sentencing hearing."

Movant was eventually captured, and her sentencing hearing took place on November 14, 2012. The prosecutor informed the court that the agreement at the time of Movant's guilty plea was that the State would "recommend a seven-year sentence pursuant to [s]ection 217.362." The State's recommendation at the sentencing hearing was that the trial court sentence Movant "to a full seven-year term, not to proceed to [s]ection 217.362." The prosecutor stated that "it was announced at the time [of Movant's guilty plea] that should [Movant] violate the terms of her bond that the State would not be recommending long-term substance abuse treatment center and she'll be subject to the full range of punishment." No such announcement appears in the record of the guilty plea.

Movant's counsel requested that the trial court sentence Movant "to long-term treatment, even though she showed poor judgment in not coming back to court like she was supposed to." The trial court imposed a seven-year sentence without any referral to long-term treatment under section 217.362.

After announcing its sentence, the trial court made the following record regarding Movant's level of satisfaction with her attorney:

[Trial Court]: Ma'am, are you satisfied with your attorney's representation in this case?

[Movant]: Yes, sir.

[Trial Court]: Excuse me?

[Movant]: Yes, sir.

3

[Trial court]: Having examined [Movant] the Court finds no probable cause to believe there has been ineffective assistance of counsel.

Movant timely filed a *pro se* motion to set aside her conviction and sentence. Appointed counsel subsequently filed an "<u>AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT JUDGMENT AND SENTENCE</u>" ("the amended motion") that presented six claims. In this appeal, Movant concedes that three of those six claims concerned errors that occurred entirely prior to sentencing and that the motion court therefore did not clearly err in dismissing them based upon the escape rule.

In her brief, Movant states that one of the remaining three claims "might apply to sentencing or pre-plea conduct[.]" That claim is that plea counsel

> incorrectly informed Movant of how much time Movant would have to serve in [DOC] before she became eligible for parole. Plea [c]ounsel's failure to properly inform Movant of the correct amount of time required to be served in prison prior to becoming eligible for parole rendered Movant's guilty plea involuntary.

As earlier noted, the motion court found that "[a]ll [six] of the alleged errors occurred before [M]ovant's escape, and the claims should be barred by the escape rule. In the exercise of its discretion, the [motion c]ourt determines that the post-conviction motion filed by [M]ovant under Rule 24.035 should be dismissed under the escape rule." This appeal timely followed.

### Applicable Principles of Review and Governing Law

"Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k)." *Mackley v. State*, 331 S.W.3d 733, 734 (Mo. App. E.D. 2011). The motion court must hold an evidentiary hearing when three requirements are satisfied: "(1) the

4

motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the files and records of the case; and (3) the allegations must have resulted in prejudice." *Wilkes v. State*, 82 S.W.3d 925, 928 (Mo. banc 2002). An evidentiary hearing may be denied only "when the record *conclusively* shows that the movant is not entitled to relief. Rule 29.15(h) (emphasis added)." *Id.*

"The 'escape rule' generally denies the right of appeal to a defendant who attempts to escape justice by absconding. *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). The rule also can be applied to deny post-conviction relief." *Echols v. State*, 168 S.W.3d 448, 451 (Mo. App. W.D. 2005). "Failure to appear for sentencing constitutes an 'escape' under the rule." *Dobbs v. State*, 229 S.W.3d 651, 654 (Mo. App. S.D. 2007).

**Analysis**

While Movant agrees that she "absconded for several months before she was brought before the [trial] court for sentencing[,]" and "the escape rule can be applied to [her] pre-sentencing claims," she correctly maintains that "[t]he escape rule does not apply to errors that occurred after the defendant was recaptured[,]" citing *Robinson v. State*, 854 S.W.2d 393, 396 (Mo. banc 1993) (post-conviction motion challenging "errors that occurred after the movant returned to custody" was not barred by escape rule). The State appropriately concedes that "the escape rule did not operate to preclude those claims" that "arose after [Movant] was recaptured[.]"

The State's concession of error does not extend to Movant's claim that her attorney affirmatively misadvised her about her parole eligibility. An ineffective assistance of counsel claim related to a guilty plea may succeed only if the movant proves that it "impinge[d] the voluntariness and knowledge with which the plea was made." *Peiffer v.*

5

***State***, 88 S.W.3d 439, 445 (Mo. banc 2002).  In that regard, "misinforming—in contrast to failing to inform—may affect the voluntariness of a defendant's plea."  ***Webb v. State***, 334 S.W.3d 126, 129 (Mo. banc 2011).  Here, Movant's claim fails no matter when the alleged misadvice was given.  If it was provided after Movant was recaptured, it could not have affected Movant's earlier decision to plead guilty.  And if it was given before Movant absconded, the motion court did not clearly err by dismissing it based upon the escape rule.

The dismissal of the sentencing claims (paragraphs 8(c) and (d) of the amended motion) is reversed, and those claims are remanded to the motion court to decide on the merits in a manner consistent with this opinion.[4]  In all other respects, the dismissal is affirmed.

DON E. BURRELL, J. - OPINION AUTHOR

JEFFREY W. BATES, P.J. - CONCURS

GARY W. LYNCH, J. - CONCURS

---

[4] In ***Robinson***, our high court "express[ed] no opinion as to the merits of [the movant's] motion or as to what relief would be appropriate if [the movant] should prevail." 854 S.W.2d at 396.  It simply reversed the dismissal and "the cause [was] remanded for further proceedings in accordance with [its] opinion." *Id.*  Here, the State asserts that we should also grant Movant's request for an evidentiary hearing on the claims it concedes were solely related to her sentencing hearing.  The motion court may well agree with the State's position that an evidentiary hearing is necessary.  But because the motion court dismissed all of Movant's claims based solely upon the escape rule without considering whether any of them were conclusively refuted by the record, it should determine whether an evidentiary hearing is necessary after considering the criteria set forth in ***Wilkes***, 82 S.W.3d at 928.