

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| PAUL SHEARIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33022 |
| | ) | Filed: September 4, 2014 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable David A. Dolan, Circuit Judge

**<u>AFFIRMED</u>**

Paul Shearin ("Shearin") appeals from the motion court's dismissal of his Rule 24.035[1] motion for post-conviction relief. Because dismissal was appropriate, we affirm.

### Factual and Procedural Background

Shearin was charged with the class A felony of robbery in the first degree, a violation of section 569.020. On March 22, 2007, pursuant to a plea agreement, Shearin pled guilty to that charge. The plea court sentenced Shearin to 15 years, suspended the execution of the sentence, and placed Shearin on probation for 5 years.

---

[1] All rule references are to Missouri Court Rules (2014). All statutory references are to RSMo 2000.

Thereafter, during the term of Shearin's probation, probation violation reports were filed against Shearin on July 11, 2007; December 14, 2009; November 25, 2011; and December 19, 2011. On December 5, 2011, the State filed a motion for the revocation of Shearin's probation.

On April 26, 2012, a probation violation hearing was held. Shearin personally appeared at the hearing with counsel. As indicated by the following colloquy, Shearin waived—through his counsel—the right to a formal hearing and admitted to violating probation:

> THE COURT: Admitting the violation of the terms and conditions of probation in this case.
>
> [SHEARIN'S COUNSEL]: That is correct, Your Honor. We are waiving the right to a formal hearing.

In exchange for waiving a formal hearing, Shearin—through defense counsel—requested additional time so that he could present arguments and evidence against the execution of his 15-year sentence. The State indicated it was ready to proceed and it would seek execution of Shearin's sentence. Upon the request of defense counsel, the plea court scheduled a hearing for June 14, 2012, which was later continued to June 28, 2012.

On June 28, 2012, Shearin failed to appear for the scheduled hearing. The plea court issued a warrant for Shearin's arrest, which was later served. Shearin thereafter appeared for an August 23, 2012 hearing at which the plea court revoked Shearin's probation and executed his 15-year sentence.

On December 28, 2012, Shearin filed a *pro se* Rule 24.035 motion, which was later amended on April 11, 2013, by appointed counsel. In his amended motion, Shearin alleged that he was denied due process in that he "never admitted to a violation of probation"; "no evidence was ever adduced upon which the court might have found a violation of probation"; he "did not knowingly, voluntarily or intelligently advise counsel he could waive the hearing on the

probation violation"; plus that counsel previously had been ineffective in connection with Shearin's acceptance of the State's plea bargain.

On October 17, 2013, the State, citing the "escape rule,"[2] filed a motion that sought complete dismissal of Shearin's Rule 24.035 motion. The State's motion also sought partial dismissal of Shearin's Rule 24.035 motion for the reason that Shearin was not entitled to relief under Rule 24.035 for claims of ineffective assistance of counsel in a probation revocation proceeding. On October 20, 2013, the motion court granted the State's motion for complete dismissal pursuant to the escape rule.[3] This appeal followed.

In his sole and narrow point on appeal, Shearin claims that to the extent that his Rule 24.035 motion challenged the execution of his 15-year sentence on August 23, 2012, the trial court erred in dismissing the motion under the escape rule. In effect, Shearin claims the escape rule lies only if a defendant remains at large when the time comes to decide the case, a view rejected by the main case cited by Shearin. *See* ***Robinson v. State***, 854 S.W.2d 393, 395 (Mo. banc 1993). Various factors justify the escape rule's use in cases where the defendant is recaptured before the court can rule. ***Id.***[4]

---

[2] "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." ***Crawley v. State***, 155 S.W.3d 836, 837 (Mo.App. E.D. 2005). The escape rule applies to appeals arising from the disposition of Rule 29.15 and Rule 24.035 motions, as well as direct appeals. ***Pargo v. State***, 191 S.W.3d 693, 698 (Mo.App. S.D. 2006). The escape rule is only applicable to those errors occurring before and up to the escape. ***Crawley***, 155 S.W.3d at 837.

[3] In applying the escape rule in this case, the motion court made the following findings in its judgment: Shearin "absconded immediately after admitting the violations in the motion to revoke on 4/26/2012"; Shearin "was absent for approximately four months"; "all of [Shearin]'s claimed errors took place prior to his absconding from his eventual 15[-]year execution of sentence on 8/23/2012"; and Shearin "has flouted the authority of the [c]ourt and curtailed the administration of justice[.]"

The motion court found that the State's request for partial dismissal had been rendered moot, and therefore, declined to address it.

[4] ***Crawley***, for example, illustrates this in a Rule 24.035 context.

3

What **Robinson** does hold is "that the escape rule should not be used to dismiss challenges to post-capture errors." *Id.* at 396.

> It is one thing to say that a defendant constructively waives errors in law *that have occurred at the time of escape*; it is quite another to say that, having escaped and returned, the defendant is no longer entitled to be treated as provided by law because the escape forfeits all rights of appeal *for the future*. To the extent that this Rule 24.035 motion challenges errors that occurred *after the movant returned to custody*, the escape rule does not apply.

*Id.* (emphasis added). This does not aid Shearin. His motion may challenge a post-recapture execution of sentence, but his allegations of error—his reasons for seeking relief—pre-dated his escape.

Since Shearin raises no other complaint about the escape rule or its application by the motion court, we reject his sole point and affirm the motion court's dismissal.[5]

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concurs

DANIEL E. SCOTT, J. - Concurs

---

[5] Thus, it is unnecessary to address the State's equally valid argument that Shearin's probation revocation complaints are not cognizable under Rule 24.035.