Cynthia L. Martin, Judge
Robert Benedict ("Benedict") appeals from the motion court's judgment dismissing his Rule 24.035 post-conviction motion based on application of the escape rule. Benedict argues on appeal that it was error to apply the escape rule to dismiss his post-conviction motion because the error asserted in his post-conviction motion arose after his return to custody. In the alternative, Benedict argues that the motion court had no authority to dismiss his post-conviction motion because there was no evidence that he knowingly waived his right to seek post-conviction relief. We reverse and remand.
Factual and Procedural Background
On July 30, 2014, Benedict was charged by information with one count of the class C felony of stealing in violation of section 570.030 ("Count I"), one count of the class C felony of possession of a controlled substance in violation of section 195.202 ("Count II"), one count of the class A misdemeanor of possession of a controlled substance in violation of section 195.202 ("Count III"), and two counts of the class *449 A misdemeanor of possession of drug paraphernalia with the intent to use in violation of section 195.233[1] ("Counts IV and V"). Pursuant to a plea agreement entered into with the State, Benedict pleaded guilty to Counts I and II on September 4, 2014. The State dismissed the remaining three counts in exchange. The State recommended that the plea court sentence Benedict to five years for each count, with the terms to run concurrently, and pursuant to section 559.115, with five years of probation being granted upon successful completion of a 120-day institutional treatment program. The plea court accepted Benedict's pleas and ordered a sentencing assessment report to be completed by September 26, 2014, the date scheduled for sentencing. The plea court further granted Benedict's request to be released on his own recognizance pending the sentencing hearing.
Upon learning that the sentencing assessment report would not be completed by the scheduled sentencing hearing, the plea court continued the sentencing hearing to November 6, 2014. Benedict failed to appear at the November 6, 2014 sentencing hearing, and the plea court issued a warrant for Benedict's arrest. Benedict remained at large until February 16, 2016, when Benedict was taken into custody.
At the March 28, 2016 sentencing hearing, the plea court announced that due to Benedict's flight, it was no longer willing to abide by the terms and conditions of the original plea agreement. The plea court offered Benedict the opportunity to withdraw his guilty pleas. Benedict withdrew his guilty plea to Count II but proceeded to sentencing on Count I. The State dismissed Count II and recommended that Benedict be sentenced to five years' incarceration on Count I. The plea court sentenced Benedict to five years' incarceration.
Benedict timely filed a pro se Rule 24.035 motion seeking post-conviction relief. Post-conviction counsel filed a timely amended Rule 24.035 motion ("Amended Motion"). The Amended Motion alleged that Benedict was denied due process of law because he was convicted of the class C felony of stealing under section 570.030, which should have been a misdemeanor pursuant to the holding set forth in State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), and that as a result, Benedict's five-year sentence exceeded the maximum sentence authorized by a law.
On August 31, 2017, the motion court entered its findings of fact, conclusions of law, and judgment ("Judgment") dismissing the Amended Motion. The Judgment concluded that, because Benedict willfully failed to appear at the November 6, 2014 sentencing hearing and remained at large for more than fifteen months thereafter, the escape rule applied to permit dismissal of Benedict's motion for post-conviction relief.
Benedict appeals.
Standard of Review
Rule 24.035(k) provides that "[a]ppellate review of the [motion] court's action on the motion filed under this rule ... shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." Roberts v. State , 276 S.W.3d 833, 835 (Mo. banc 2009).
*450 Analysis
Benedict presents two points on appeal. In the first, Benedict argues that the motion court erred in dismissing the Amended Motion because the error alleged in the Amended Motion occurred after Benedict was returned to custody, rendering the escape rule inapplicable. Benedict's second point on appeal alternatively asserts that the motion court had no authority to dismiss the Amended Motion in reliance on the escape rule without evidence that Benedict knowingly waived his right to seek post-conviction relief. We need not reach Benedict's second point on appeal because the first point on appeal is dispositive.
" 'The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice.' " Wolf v. State , 552 S.W.3d 790, 792 (Mo. App. W.D. 2018) (quoting State v. Miller , 536 S.W.3d 374, 378 (Mo. App. W.D. 2018) ). The escape rule also applies to motions for post-conviction relief under Rules 29.15 and 24.035. Williams v. State , 526 S.W.3d 367, 369 (Mo. App. E.D. 2017) (citing Nichols v. State , 131 S.W.3d 863, 865 (Mo. App. E.D. 2004) ). "In applying the escape rule, the relevant inquiry is whether the escape adversely affected the criminal justice system." Nichols , 131 S.W.3d at 865 (citing State v. Troupe , 891 S.W.2d 808, 811 (Mo. banc 1995) (other citations omitted)). As such, the escape rule only applies to errors that occurred prior to a defendant's escape, and does not apply to post-capture errors. Robinson v. State , 854 S.W.2d 393, 396 (Mo. banc 1993). Robinson explained:
If we were to permit the use of the escape rule [to dismiss alleged post-capture errors], then once a defendant had been recaptured all involved in the trial and sentencing would know that any errors or even intentional violations of constitutional rights would not be reviewed by any other court. Such a rule would provide the temptation to complete the proceedings in a less than diligent manner secure in the knowledge that any errors resulting from procedural short cuts would not result in reversal. It would also serve as a means by which the corrupt and incompetent could escape detection.
Id. Thus, where a post-conviction motion "challenges errors that occurred after the movant returned to custody, the escape rule does not apply." Id.
The State concedes that the motion court clearly erred in applying the escape rule to dismiss the Amended Motion because the error alleged therein (sentencing in excess of the range authorized by law) occurred after Benedict was returned to custody. Nonetheless, the State argues that the Judgment should be affirmed because the motion court reached the correct result for the wrong reason. The State asserts that under State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017), "the Bazell holding only applies forward, except those cases pending on direct appeal." Thus, the State argues that even had the motion court considered the merits of Benedict's Amended Motion, the motion court would have been bound as a matter of law to deny the motion.
It is true that we are permitted to affirm a motion court's judgment on a legal ground supported by the record, if the motion court arrived at the right result for the wrong reason. Hill v. State , 400 S.W.3d 917, 919 (Mo. App. S.D. 2013) (citing Greene v. State , 332 S.W.3d 239, 246 (Mo. App. W.D. 2010) ). Here, the result reached by the motion court was dismissal of the Amended Motion without addressing the merits of the motion. Dismissal of a Rule 24.035 post-conviction motion is appropriate *451 where the escape rule applies. See Williams , 526 S.W.3d at 369.
We have explained (and the State concedes) that dismissal of the Amended Motion based on the escape rule was error. There is no other legal ground supported by the record permitting us to affirm dismissal of the Amended Motion. Had the motion court resolved the Amended Motion on its merits, it would have been required to enter a judgment granting or denying the relief sought by Benedict, supported by "findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 24.035(j). And had the motion court entered a judgment on the merits of the Amended Motion, our appellate review would have been limited to determining "whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). Without findings of fact and conclusion of law from the motion court addressing the merits of the Amended Motion, we are not authorized to affirm the Judgment by addressing the merits of the motion. Were we to do so, we would be abandoning our role as a reviewing court, and instead assuming the role of the motion court.
The motion court clearly erred in applying the escape rule to dismiss the Amended Motion. Benedict's first point on appeal is granted. The second point on appeal is denied as moot.
Conclusion
We reverse the motion court's Judgment and remand this matter for further proceedings.
All concur

All statutory references are to RSMo 2000 as supplemented through June 2 and 5, 2014, the dates on which Benedict's crimes were committed, unless otherwise indicated.