

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,      )
            )
     Plaintiff-Respondent,      )
            )
v.                              )      No. SD37354
            )      Filed: **March 22, 2023**
DAVID MICHAEL KING,      )
            )
     Defendant-Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

### **AFFIRMED**

David Michael King ("King") appeals the judgment of the Circuit Court of Greene County (the "trial court"), finding him guilty, after a bench trial, of five counts of first-degree statutory sodomy (Counts I-V); one count of first-degree child molestation (Count VI); one count of second-degree statutory sodomy (Count VII); and one count of fourth-degree child molestation (Count VIII). King raises two points on appeal: (1) the trial court erred in denying King's request for a continuance of the sentencing hearing; and (2) the trial court erred in finding King to be a predatory sexual offender under Counts I-V because the State charged him under the incorrect statute. In Point I, King requests remand for a new sentencing hearing. In Point II, King requests remand for a resentencing on Counts I-V.

**Factual Background and Procedural History**

The charges against King arose from his conduct toward his minor nieces, E.G. and H.K., in 1998, and toward another minor, A.P., in 2018.  As set out above, the trial court found King guilty of all charges after a bench trial.  The trial court also found King to be a predatory sexual offender beyond a reasonable doubt under Section 566.125[1] on Counts I-V.  The trial court sentenced King to life imprisonment on Counts I, II, and III, with the sentences to run concurrently; life imprisonment on Counts IV and V and seven years' imprisonment on Count VI, with those sentences to run concurrently to each other but consecutively to Counts I-III; and four years' imprisonment each on Counts VII and VIII, with those sentences to run concurrently to each other but consecutively to Counts I-VI.  The trial court set a parole eligibility date of 15 years on Counts I-V.  King does not challenge the sufficiency of the evidence to support his conviction.  To the extent additional background is necessary to resolve any point on appeal, it is included in the discussion of each point.

**Analysis**

Point I

The trial court found King guilty on April 30, 2021.  The trial court scheduled King's sentencing hearing for July 16, 2021.  On June 14, the trial court continued the sentencing hearing on its own motion until August 20.  King filed a motion for a continuance on August 11, which was denied.  On August 20, the trial court continued the sentencing hearing until September 17 "due to illness of [King]."  King failed to appear at the September 17 hearing

---

[1] Unless otherwise noted, all statutory citations are to RSMo 2016.  All rule references are to Missouri Court Rules (2021).

because he fled to Mexico.[2]  The trial court issued a warrant for King on September 17, and the warrant was served on November 12.  On November 12, the trial court set the sentencing hearing for December 3.  On December 1, the trial court continued the sentencing hearing on its own motion until December 10.  The trial court held the sentencing hearing on December 10.

King asserts the trial court abused its discretion in denying his counsel's oral request for a continuance at the sentencing hearing, which occurred after King had been captured from his escape and returned to the United States.  King argues the trial court "gave only nine days' notice for the date of the sentencing hearing," which prevented King from securing the testimony of two witnesses.  King asserts the continuance denial resulted in a violation of his constitutional rights to due process and a fair trial and his right to present a defense.

At the sentencing hearing, King's counsel made an oral request for a continuance, stating:

> It would also put me in an awkward position because I think I would need to request some additional time to make sure my client is fully prepared for sentencing, including additional witnesses that initially thought they were going to appear by video, but we were unable to get linked to them because -- not anything from the Court's position, but because I was in court until past 5 o'clock yesterday.

---

[2] The State argues we should apply the escape rule to deny King's Point I.  "The escape rule is a judicially-created doctrine, the primary purpose of which is to deny the right of appeal to a defendant who escapes justice." *State v. Kelsall*, 545 S.W.3d 355, 356 (Mo.App. 2018).  "[T]he escape rule only applies to errors that occurred prior to a defendant's escape, and does not apply to post-capture errors." *Benedict v. State*, 569 S.W.3d 447, 450 (Mo.App. 2018).  The State acknowledges the escape rule does not technically apply to King's claim in Point I that the trial court abused its discretion in denying King's post-capture request to continue his sentencing hearing but argues we should apply the escape rule so that King does not benefit from his escape.  But we are not at liberty to extend the escape rule in this fashion because we must follow Supreme Court of Missouri precedent directly on-point. *See Robinson v. State*, 854 S.W.2d 393, 396 (Mo. banc 1993) ("[T]he escape rule should not be used to dismiss challenges to post-capture errors.  If we were to permit the use of the escape rule in such a situation, then once a defendant had been recaptured all involved in the trial and sentencing would know that any errors or even intentional violations of constitutional rights would not be reviewed by any other court.").  The State also argues we should apply the escape rule to deny King's Points II-VI because the crux of King's argument is that the State charged him as a predatory sexual offender under the wrong statute, which occurred prior to King's escape.  King argues the escape rule does not apply because the trial court sentenced him under the wrong statute, which occurred post-capture.  Neither party cites any case on-point.  Although we find the State's argument persuasive, we deny King's request for plain error review of Points II-VI and therefore do not decide if the escape rule could or should apply to his claims in those Points.

3

The trial court denied the continuance and indicated defense counsel could state on the record what the two additional witnesses would have testified. Defense counsel read a notarized statement from one of the witnesses, another niece of King who was not involved in any of the charges, who said King had babysat her and "nothing negative" had happened and she had enjoyed being left with him because she could see other family members while with him. Counsel did not identify the other witness or make an offer of proof as to what the witness would have said. King had two witnesses present at the hearing who testified on his behalf.

"The decision whether to grant a motion for continuance is committed to the sound discretion of the trial court, and, on appeal, this Court's review is limited to whether the trial court abused that discretion." *State v. Jones*, 479 S.W.3d 100, 111 (Mo. banc 2016). "Last-minute motions for a continuance are not favored." *Id*. at 112. "An abuse of discretion occurs when a trial court's decision is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Harding*, 528 S.W.3d 362, 376 (Mo.App. 2017). "Reversal is warranted only upon a very strong showing that the court abused its discretion and prejudice resulted." *Jones*, 479 S.W.3d at 111 (quoting *State v. Edwards*, 116 S.W.3d 511, 535 (Mo. banc 2003)).

Rules 24.08, 24.09, and 24.10 govern King's claim of error in Point I. "For good cause shown, the court may continue a criminal proceeding to a fixed day, or to a date for trial to be set thereafter." Rule 24.08. "A motion for continuance *shall* set forth in writing the facts upon which the motion is based." Rule 24.09 (emphasis added). The motion *may*, however, be oral if one of the following two conditions are met: (1) "[t]he adverse party consents," *or* (2) "[t]he court finds good cause." *Id.* "In the absence of such a finding, an oral continuance motion does not comply with Rule 24.09 and may be properly denied by the trial court for that reason alone."

*State v. Morlang*, 593 S.W.3d 108, 112 (Mo.App. 2020).  In this case, the oral motion for continuance was not in writing, the State did not consent to the oral motion, and the trial court did not find good cause for the oral motion.  Because King's oral motion for continuance did not comply with Rule 24.09, the trial court did not abuse its discretion in denying the motion.[3]  Point I is denied.

## Points II-VI

King argues the trial court erred in finding him to be a predatory sexual offender under Counts I-V because the State charged him in a felony information as a predatory sexual offender under Section 566.125, but the conduct for which he was charged in Counts I-V occurred in 1998, when Section 558.018 was the predatory sexual offender statute.  King alleges this error violated his constitutional right to due process.  The judgment does not reference either Section 566.125 or Section 558.018, but the trial court stated on the record that it found King to be a predatory sexual offender under Section 566.125.

---

[3] The oral motion for continuance also did not comply with Rule 24.10.

> Where a continuance is sought on account of the absence of witnesses or their evidence, Rule 24.10 requires that a motion for continuance *shall* show all four of the following:  (1) "[t]he facts showing the materiality of the evidence sought to be obtained and due diligence upon the part of the applicant to obtain such witness or testimony"; (2) "[t]he name and residence of such witness, if known, or, if not known, the use of diligence to obtain the same, and also facts showing reasonable grounds for belief that the attendance or testimony of such witness will be procured within a reasonable time"; (3) "[w]hat particular facts the affiant believes the witness will prove, and that he knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts"; and (4) "[t]hat such witness is not absent by the connivance, consent, or procurement of the applicant, and such application is not made for vexation or delay, but in good faith for the purpose of obtaining a fair and impartial trial."

*Morlang*, 593 S.W.3d at 112 (quoting Rule 24.10).  "As a threshold issue to his claim of error, therefore, [King] must demonstrate that the trial court abused its discretion in failing to find Rule 24.09 good cause for considering an oral continuance motion in lieu of the required written continuance motion." *Id.*  King has made no effort to make such a showing on appeal and for that reason also we find the trial court did not abuse its discretion in denying his oral motion for continuance of the sentencing hearing.

King acknowledges his claim of error was not preserved and requests plain error review under Rule 30.20. "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (quoting *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017)). The plain error rule is to be used sparingly, and not every allegation of plain error is entitled to review. *Id*. "Unless manifest injustice or a miscarriage of justice is shown, an appellate court should 'decline to review for plain error under Rule 30.20.'" *Id*. (quoting *State v. Jones*, 427 S.W.3d 191, 196 (Mo. banc 2014)). "'[T]he defendant bears the burden of demonstrating manifest injustice entitling him to' plain error review." *Id*. (quoting *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018)).

King has failed to facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has resulted from the State charging him under the incorrect statute. "Rule 23.01(b)(4) requires an information to cite the section of the statute alleged to have been violated and the section fixing the penalty." *State v. Taylor*, 929 S.W.2d 209, 218 (Mo. banc 1996). "Rule 23.11 requires prejudice of the substantial rights of the defendant before an information shall be considered invalid." *Id.* "Citing the incorrect statute in the information does not necessarily render the information insufficient." *Id.* (citing *State v. LaPlant*, 673 S.W.2d 782, 785 (Mo. banc 1984)). "The primary purpose of an information is to give defendant sufficient notice of the charge to allow adequate preparation of a defense and avoid retrial on the same charges in case of acquittal." *Id.* (citing *State v. Hill*, 808 S.W.2d 882, 888 (Mo.App. 1991)). "A charging document will only be deemed insufficient if it was 'so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted

or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced.'" ***State v. Hendricks***, 619 S.W.3d 171, 183 (Mo.App. 2021) (quoting ***State v. Beck***, 557 S.W.3d 408, 420 (Mo.App. 2018)). "If the charging document is insufficient under either basis, the defendant must then demonstrate actual prejudice, which is that the information or indictment was either so deficient that the defendant was not placed on notice as to what crime he or she was being charged with or was so lacking in clarity that the defendant was unable properly to prepare a defense." ***Id.*** (internal quotation omitted).

King acknowledges that "there are no substantive differences between Section 558.018 as it existed in 1998 and Section 566.125 as it exists today." Section 558.018 was transferred to Section 566.125 in 2014. The two statutes contain only minor differences that did not change what the State was required to prove for King to be found a predatory sexual offender and did not change King's potential sentence or parole eligibility. The facts charged by the State in the felony information on Counts I-V are sufficient to support a finding that King is a predatory sexual offender under the 1998 version of Section 558.018 or under Section 566.125. The information brought against King was sufficient because it set forth the relevant facts and contained all the elements required for a finding that King is a predatory sexual offender under either statute. King does not argue otherwise and likewise makes no other claim he was prejudiced from the citation to the wrong statute, arguing only that the State should not be permitted to charge him under the wrong statute. This does not satisfy the required showing of prejudice.

King's reliance on ***State v. Pliemling***, 645 S.W.3d 86 (Mo.App. 2022), is misplaced. In ***Pliemling***, this Court found plain error where a defendant was charged with unlawful receipt of public assistance benefits under an incorrect version of the statute defining the offense. ***Id.*** at 93.

7

*Pliemling* differs from the present case in several ways. The prior statute in *Pliemling* had been repealed and replaced, while Section 558.018 was merely transferred to Section 566.125. Additionally, in contrast to the substantial similarity between Section 558.018 and Section 566.125, the statutes in *Pliemling* had significant differences, including a different monetary threshold for charging a felony instead of a misdemeanor. *Id*. at 92. The court found this to be a key issue, explaining that "[the defendant] suffered a manifest injustice when she was found guilty of a felony offense, rather than a misdemeanor, without the jury making all requisite findings to support the felony classification." *Id*.

For the reasons set out here, we decline plain error review of Points II-VI.

## Conclusion

The judgment of the trial court is affirmed.


GINGER K. GOOCH, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J – CONCURS

JACK A. L. GOODMAN, C.J. – CONCURS