

# Missouri Court of Appeals
## Southern District
### Division One

PAUL D. TEAVER,        )
                          )
        Movant-Appellant,    )
v.                         )     No. SD33929
                          )     Filed: 11-18-15
STATE OF MISSOURI,     )
                          )
        Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable J. Dan Conklin, Circuit Judge

**<u>REVERSED AND REMANDED</u>**

Paul Teaver (Teaver) appeals from an order denying his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Teaver contends the motion court clearly erred in denying relief, without an evidentiary hearing, on Teaver's claim that plea counsel was ineffective for misadvising Teaver about his parole eligibility. Because this allegation of ineffective assistance of counsel is not conclusively refuted by the record, we reverse and remand for an evidentiary hearing.

Teaver was charged in a four-count information with committing the following crimes in November 2011: the class A felony of trafficking in the first degree in

---

[1] All rule references are to Missouri Court Rules (2015). All statutory references are to RSMo Cum. Supp. (2011) unless otherwise indicated.

violation of § 195.222.8(2) (Count I); the class C felony of possession of a controlled substance in violation of § 195.202 (Count II); the class C felony of possession of a chemical with the intent to create a controlled substance in violation of § 195.420 RSMo (2000) (Count III); and the class D felony of possession of drug paraphernalia in violation of § 195.233 RSMo (2000) (Count IV). If convicted on Count I of violating § 195.222.8(2), Teaver would have been "sentenced to the authorized term of imprisonment for a class A felony which term shall be served *without probation or parole*." ***Id***. (italics added).

Thereafter, Teaver signed a written plea agreement. In exchange for Teaver entering an ***Alford*** plea[2] of guilty to Count I, the State agreed to: (1) recommend a 15-year sentence; (2) amend Count I to charge a violation of § 195.222.8(1), which would remove the requirement that Teaver serve any sentence on this count without probation or parole; (3) dismiss Counts II, III and IV; and (4) recommend that Teaver's 15-year sentence run concurrently with terms of 15 and 7 years imprisonment in two other cases. In addition, the sentence assessment report (SAR) was waived.

At the plea hearing, the plea court asked Teaver about his understanding of the plea agreement and the recommended punishment:

> [THE COURT]: Okay. You know what kind of a plea agreement you worked up here?
>
> [TEAVER]: Yes, sir.
>
> [THE COURT]: Can you read all right?
>
> [TEAVER]: Yes, sir.

---

[2] *See **North Carolina v. Alford***, 400 U.S. 25 (1970). "In reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is not treated differently from a guilty plea." ***Lynn v. State***, 417 S.W.3d 789, 796 (Mo. App. 2013).

[THE COURT]: And you signed all this?

[TEAVER]: Yes, sir.

[THE COURT]: Well, it kinds [sic] of calls for you to do heavy-duty time here, you know that?

[TEAVER]: Fifteen.

[THE COURT]: Is that what you're still wanting to do?

[TEAVER]: Yes, sir.

The plea court later asked if any "promises besides this plea agreement" had been made to Teaver, to which he replied, "No, sir." After further inquiry concerning Teaver's understanding of his right to a jury trial and the factual basis for the plea, the court accepted Teaver's plea. The plea court sentenced Teaver to serve 15 years. As agreed, that sentence was to run concurrently with the sentences already imposed in the two other cases.[3]

In July 2014, Teaver filed a *pro se* motion seeking relief pursuant to Rule 24.035. Thereafter, appointed counsel filed an amended motion.[4] In relevant part, the amended motion alleged that Teaver's guilty plea was not knowing and voluntary because plea counsel affirmatively misadvised Teaver about his parole eligibility. According to the amended motion, "[Teaver] was told he would be eligible for parole after serving 25% of his sentence. … [Teaver] has been told by the Department of Corrections that he is not

---

[3] Pursuant to the plea agreement, the State filed an amended information that same day charging Teaver in Count I with a violation of § 195.222.8(1). By entering an *Alford* plea to Count I, amended as agreed, Teaver was not sentenced to an offense as to which parole would be statutorily denied. *See* § 195.222.8(1); *Gettings v. Mo. Dept. of Corrections*, 950 S.W.2d 7, 9 (Mo. App. 1997) (because the defendant was not statutorily denied parole, his parole eligibility was up to the discretion of the DOC's parole board).

[4] As required by *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015), this Court has independently verified that the amended motion was timely pursuant to Rule 24.035(g).

3

eligible for parole." The amended motion further alleged that, "[b]ut for the ineffective assistance of counsel [Teaver] would not have pled guilty and would have gone to trial."

Thereafter, the motion court denied Teaver's amended motion for post-conviction relief without an evidentiary hearing. The court concluded that Teaver's claim was refuted by the record in two respects: (1) Teaver testified that his counsel made no other promises besides those in the plea agreement; and (2) Teaver confirmed that he understood he would "do heavy-duty time" by serving "[f]ifteen" years. This appeal followed.

Our review of a denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); *see Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011). "A movant only is entitled to an evidentiary hearing if (1) the movant pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant." *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). No evidentiary hearing is required if the record conclusively shows that the movant is entitled to no relief. Rule 24.035(h); *see Davidson v. State*, 435 S.W.3d 96, 99 (Mo. App. 2014). In *Webb*, our Supreme Court further explained:

> When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced. To satisfy the prejudice requirement when challenging a guilty plea, the movant must allege facts showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Webb*, 334 S.W.3d at 128 (quotation marks and citations omitted).

4

If plea counsel affirmatively misinforms a criminal defendant about parole eligibility and the defendant reasonably relies upon that misformation, a claim of ineffective assistance of counsel may be meritorious.  *See Pettis v. State*, 212 S.W.3d 189, 194 (Mo. App. 2007); *Haskett v. State*, 152 S.W.3d 906, 910 (Mo. App. 2005); *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo. App. 2001).  In Teaver's single point, he contends the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing.  Teaver argues that he alleged facts, not refuted by the record, which would warrant relief if proven.  According to Teaver, his case is controlled by *Webb*, in which our Supreme Court reversed and remanded for an evidentiary hearing on similar facts.  We agree.

In *Webb*, the movant alleged that his guilty plea was involuntary and unknowing because plea counsel misadvised the movant concerning his parole eligibility.  *Webb*, 334 S.W.3d at 128.  The motion court denied the claim without conducting an evidentiary hearing.  The court concluded that the movant's claim was refuted by the record because he testified at the plea hearing he had not been promised anything, apart from the terms of the plea agreement itself, to induce his guilty plea.  *Id*.  Our Supreme Court reversed and remanded for an evidentiary hearing because the record did not refute movant's claim.  The Court held that the movant's testimony – that no promises have been made to induce his plea – did not refute an allegation concerning affirmative misadvise about parole eligibility.  *Id*. at 130.  As the Court explained, "an attorney's advice is not the same as a promise – a defendant can say correctly that he was promised nothing, but this does not mean he was given correct advice as to the effects of his plea."  *Id*.  Thus, the movant was entitled to an evidentiary hearing to prove the facts he alleged and establish

5

whether he was prejudiced.  *Id.* at 131; *see also* **Hayes v. State**, 466 S.W.3d 39, 42-43 (Mo. App. 2015).

We reach the same conclusion here.  While Teaver testified he understood he would "do heavy-duty time" by receiving a 15-year sentence, that testimony merely confirmed Teaver's understanding of the recommended sentence.  That testimony does not mean he was given correct advice about the effect of his plea with respect to his parole eligibility.[5]  As in **Webb**, the record here does not conclusively refute Teaver's claim that he was affirmatively misadvised by counsel, who allegedly told Teaver that he would only have to serve 25% of his 15-year prison sentence before becoming eligible for parole.[6]  Therefore, the motion court clearly erred in denying Teaver's claim without first conducting an evidentiary hearing.  Point granted.

The motion court's order denying relief is reversed, and the cause is remanded for further proceedings consistent with this opinion.

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR

---

[5] In addition, because the SAR was waived in this case, the issue of parole eligibility was not discussed or made part of the record.  *Cf.*, **Dawson v. State**, 423 S.W.3d 314, 317-18 (Mo. App. 2014) (movant's allegation of misinformation concerning parole eligibility refuted by the record).

[6] The State also argues that given the favorable plea agreement, Teaver's allegation that he was prejudiced because he believed he would only have to serve 25% of the already reduced 15-year sentence before being eligible for parole is "unreasonable."  Whether Teaver's belief was unreasonable, however, is a factual inquiry requiring an evidentiary hearing to decide.  *See, e.g.*, **Fisher v. State**, 192 S.W.3d 551, 555-56 (Mo. App. 2006) (whether action was reasonable is a factual inquiry requiring an evidentiary hearing; movant plead facts, not conclusions, that are not conclusively refuted by the record).