

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| ISAIAH FORMAN, | ) | ED110319 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 20SL-CC02310 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Ellen H. Ribaudo |
| | ) | |
| Respondent. | ) | Filed: February 28, 2023 |

Isaiah Forman appeals the judgment denying his Rule 24.035 motion for postconviction relief without an evidentiary hearing. In his sole point on appeal, Forman claims the motion court clearly erred in denying relief without an evidentiary hearing because he alleged facts, not refuted by the record, showing plea counsel was ineffective for misinforming him regarding parole eligibility. We reverse the judgment and remand the case for an evidentiary hearing on this claim.

## Factual and Procedural Background

On November 22, 2019, Forman pleaded guilty to second-degree assault of a special victim pursuant to section 565.052.3, RSMo 2016. The circuit court sentenced him to seven years in prison and revoked his probation on two prior convictions. The circuit court executed the five and eight-year sentences for the prior convictions and ordered them to be served concurrently with the seven-year sentence for assault.

Forman timely filed a *pro se* Rule 24.035 motion for postconviction relief. Appointed counsel timely filed an amended motion alleging, *inter alia*, that plea counsel was ineffective by misrepresenting his parole eligibility. Forman specifically alleged counsel misadvised him that a guilty plea would result in him serving only twenty-four months in the custody of the department of corrections even though he actually was required by statute to serve 80% of his seven-year sentence.[1] Forman alleged plea counsel would testify at an evidentiary hearing that he advised Forman that he would serve only twenty-four months. Forman further alleged he relied on plea counsel's legal expertise and a reasonably competent attorney would not have "induced" a guilty plea by misrepresenting the sentencing consequences of a guilty plea. Finally, Forman specifically alleged had he known he would have to serve the statutory minimum prison term before being parole eligible, he would not have pleaded guilty and would have insisted on going to trial.

The motion court entered a judgment denying relief without an evidentiary hearing. Forman appeals, claiming he is entitled to an evidentiary hearing.

**Standard of Review**

Rule 24.035(k) limits appellate review of a judgment denying postconviction relief to determining whether the circuit court's findings and conclusions are clearly erroneous. *DePriest v. State*, 510 S.W.3d 331, 337 (Mo. banc 2017). A judgment denying postconviction relief is "clearly erroneous when, upon review of the complete record, there is a definite and firm impression that a mistake has been made." *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021) (internal quotation omitted). If "the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 24.035(h).

---

[1] Section 558.019.3 required Forman to serve a "minimum prison term of eighty-five percent" of his sentence because he pleaded guilty to a "dangerous felony as defined in section 556.061[.]" Because Forman references the statute, this Court presumes the allegation he would have to serve 80% of his sentence is inadvertent. The inadvertent reference is immaterial to the merits of Forman's appeal.

**Analysis**

The two-part test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims of ineffective assistance of plea counsel. *Hefley*, 626 S.W.3d at 249; *see also Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (holding "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel"). Thus, a post-conviction movant alleging ineffective assistance of plea counsel must allege facts showing that: (1) counsel's representation was objectively unreasonable and (2) counsel's deficient performance resulted in prejudice. *Hefley*, 626 S.W.3d at 249

A guilty plea waives any claim of ineffective assistance of counsel "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Booker v. State*, 552 S.W.3d 522, 531 (Mo. banc 2018). When, as in this case, the movant alleges reliance on plea counsel's objectively incorrect advice, the voluntariness of the plea "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hefley*, 626 S.W.3d at 249. "Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely." *Id*. (internal quotation omitted).

Here, Forman specifically alleged he relied on plea counsel's incorrect advice he would serve only twenty-four months in prison. The record does not show Forman's reliance on counsel's alleged specific and incorrect legal advice was unreasonable.[2] Because section 558.019.3 required

---

[2] Forman's allegation he relied on counsel's specific legal advice is consistent with the "core purpose" of the Sixth Amendment, which is "to assure aid at trial, when the accused is confronted with both the intricacies of the law and the advocacy of the public prosecutor." *United States v. Gouveia*, 467 U.S. 180, 188-89 (1984) (internal quotation and bracket omitted). Nonetheless, even when plea counsel misadvises a movant regarding statutory parole eligibility, the movant's mistaken belief he would not have to serve a mandatory minimum prison term is unreasonable when the record shows he was informed of the statutory requirement at the guilty plea hearing. *Dawson v. State*, 423 S.W.3d 314, 318 (Mo. App. E.D. 2014). *Dawson* is distinguishable because, as established below, the record in this case shows there was no mention of parole eligibility at Forman's plea and sentencing hearing.

3

Forman to serve a at least 85% of his sentence in prison, the allegation he relied on counsel's affirmative misrepresentation of his parole eligibility sufficiently pleads a claim that counsel's representation was objectively unreasonable. *Hefley*, 626 S.W.3d at 250 (holding plea counsel's affirmative misrepresentation of the movant's eligibility for a long-term drug program was objectively unreasonable).

Because Forman pleaded facts showing deficient performance, the analysis turns to whether he pleaded facts showing prejudice. In the context of a guilty plea, "the movant can only satisfy the prejudice requirement by alleging facts showing that but for counsel's deficient performance, the movant would not have pleaded guilty and would have gone to trial." *Booker*, 552 S.W.3d at 531 (quoting *Hill,* 474 U.S. at 59). Here, Forman specifically alleged that if plea counsel had not misadvised him regarding parole eligibility, he would not have pleaded guilty and would have insisted on going to trial. His allegations mirror the necessary factual predicates for prejudice identified in *Hill* and applied consistently by Missouri appellate courts ever since.

In *Webb v. State*, 334 S.W.3d 126 (Mo. banc 2011), the Court reversed a judgment denying a Rule 24.035 motion for post-conviction relief without an evidentiary hearing in a case involving allegations nearly identical to Forman's. Like Forman, the movant in *Webb* alleged plea counsel was ineffective for affirmatively misadvising him regarding parole eligibility. *Webb*, 334 S.W.3d at 128. Further, similar to Forman, the movant in *Webb* "alleged that, but for his attorney's misrepresentation, he would have rejected pleading guilty and, instead, would have insisted on proceeding to trial." *Webb*, 334 S.W.3d at 128. Based on those allegations, *Webb* held "where counsel misinforms the client as to the effects of the client's plea, the counsel has rendered ineffective representation" and the movant "is entitled to an evidentiary hearing." *Id*. at 127. Because Forman's allegations mirror those in *Webb*, "*Webb* is dispositive." *Phillips v. State*, 635

S.W.3d 870, 874 (Mo. App. E.D. 2021) (remanding for an evidentiary hearing on the movant's claim he relied on plea counsel's incorrect parole eligibility advice when pleading guilty). Forman pleaded sufficient facts to trigger an evidentiary hearing.[3]

The State argues Forman is not entitled to an evidentiary hearing because his allegations do not state a cognizable claim of ineffective assistance and are refuted by the record. Both arguments lack merit.

As the State notes, counsel is not ineffective for declining to advise a criminal defendant of the "collateral" consequences of a guilty plea. *Webb*, 334 S.W.3d at 129. Parole eligibility is a collateral consequence and, therefore, "neither counsel nor the trial court is under an affirmative obligation to inform a defendant of the parole consequences of the guilty plea." *Id.* (internal citation omitted). Forman's claim of ineffective assistance, however, is based on the allegation he would not have pleaded guilty and would have proceeded to trial if plea counsel had not affirmatively misinformed him regarding parole eligibility. This allegation states a cognizable claim because when counsel "misinforms the client as to the effects of the client's plea, the counsel has rendered ineffective representation." *Id.* at 127.

---

[3] *See also Teaver v. State,* 486 S.W.3d 372, 376 (Mo. App. S.D. 2015) (remanding for an evidentiary hearing on allegations the movant was "affirmatively misadvised by counsel" regarding parole eligibility and he otherwise would have not pleaded guilty and proceeded to trial); *Reid v. State*, 192 S.W.3d 727, 733 (Mo. App. E.D. 2006) (holding a movant's allegations of an "affirmative act of misinformation and a refusal to plead had his counsel provided accurate information … satisfied his obligation to allege facts warranting relief"); *Fogle v. State,* 124 S.W.3d 509, 511-12 (Mo. App. S.D. 2004) (holding an allegation the movant would have proceeded to trial if counsel had not misrepresented his conditional release date warranted an evidentiary hearing); *Savage v. State*, 114 S.W.3d 455, 458 (Mo. App. E.D. 2003) (remanding for an evidentiary hearing on allegations plea counsel "induced" a guilty plea by misadvising the movant regarding parole eligibility); *Patterson v. State*, 92 S.W.3d 212, 215-16 (Mo. App. W.D. 2002) (holding an allegation that if plea counsel had not misadvised the movant regarding parole eligibility, there was a "reasonable probability that the outcome of the proceedings would have been different" adequately alleged prejudice and warranted an evidentiary hearing); *Hao v. State,* 67 S.W.3d 661, 664 (Mo. App. E.D. 2002) (holding an evidentiary hearing was warranted where the movant alleged he would not have pleaded guilty if he had known counsel's advice regarding parole eligibility was erroneous); *Beal v. State*, 51 S.W.3d 109, 113 (Mo. App. W.D. 2001) (holding an evidentiary hearing was necessary where the movant alleged plea counsel affirmatively misrepresented parole eligibility).

Also, the State's argument that Forman's allegations are refuted by the record is without merit. The record shows that during sentencing, Forman testified plea counsel answered all of his questions, did everything that was asked of him, and he was satisfied with his performance. Thereafter, the following exchange occurred:

THE COURT: What is the range of punishment?

PROSECUTOR: It's from five to fifteen years in the Missouri Department of Corrections.

THE COURT: And sir, you understand that range of punishment?

FORMAN: Yes, Ma'am.

THE COURT: And what is the State's recommendation?

PROSECUTOR: That the defendant be sentenced to seven years in the Missouri Department of Corrections in this cause. And that he be revoked on his probation matters. And that the sentences in those cases of eight and five years be executed, for those sentences all to run concurrent.

THE COURT: And sir, is that your understanding of what the State's recommendation is?

FORMAN: Yes.

THE COURT: And are you asking the Court to follow that recommendation here today?

FORMAN: Yes, Ma'am.

THE COURT: Has anybody threatened you or promised you anything, other than that recommendation, in order to get you to plead guilty?

FORMAN: No, Ma'am.

THE COURT: Have you understood all of my questions so far?

FORMAN: Yes, Ma'am.

Following this exchange, the court reconfirmed all three sentences were to be served concurrently and proceeded to sentence Forman to seven years in prison.

*Webb* held unequivocally that allegations plea counsel misinformed the defendant "as to parole eligibility are not conclusively refuted by the record where no mention is made of parole eligibility." *Webb*, 334 S.W.3d at 129-30. Here, like *Webb*, the record shows there was no mention of parole eligibility during the plea and sentencing hearing. Moreover, as in *Webb*, Forman offered a negative response to a general inquiry as to whether his guilty plea was based on any threats or promises. Forman's "negative response to a routine inquiry whether any promise other than stated on the record had been made is too general to encompass all possible statements by counsel to his client." *Webb*, 334 S.W.3d at 129 (internal quotation omitted). Consequently, his allegation plea counsel "misinformed him as to parole eligibility [is] not conclusively refuted by the record [because] no mention is made of parole eligibility." *Id*. at 129–30. Because the record does not conclusively show he is entitled to no relief, Forman "is entitled to an evidentiary hearing" on his claim counsel misinformed him regarding parole eligibility. *Id*. at 127.[4]

## Conclusion

For these reasons, we reverse the judgment and remand the case for an evidentiary hearing on Forman's claim counsel misinformed him regarding parole eligibility.

_____
Renée D. Hardin-Tammons, Judge

Lisa P. Page, P.J. and
Thomas C. Clark, II, J., concur._____ _____

---

[4] An evidentiary hearing in cases like this may be avoidable if circuit courts exercise their discretion during a plea hearing to ask the defendant, under oath, whether counsel specifically advised that a guilty plea would result in a specific parole consequence. A negative answer to that specific inquiry would likely refute any subsequent claim of ineffective assistance based on alleged misrepresentations of parole eligibility.